Patricia Corressel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; The Children's Hospital of Philadelphia, Intervenor.

Argued April 3, 1978, before President Judge Bowman and Judges Mencer and Rogers, sitting as a panel of three.

*Elaine Smith,* with her *Bank, Shor, Levin & Weiss,* for petitioner.

*Susan Shinkman,* Assistant Attorney General, for respondent.

*Mari M. Gursky,* with her *Dechert, Price & Rhoads,* for intervenor.

OPINION BY JUDGE MENCER, May 1, 1978:

Patricia Corressel (claimant) was last employed by the Children's Hospital of Philadelphia (employer) as a clinical nurse. Her last day of work was December 8, 1975 when, because of illness, she was granted a leave of absence to terminate on January 19, 1976. At the expiration of her leave of absence, the claimant contacted her employer about returning to work on either a full- or part-time basis, and she informed her employer of some work limitations that were imposed upon her by her physician. These limitations were that she could not stand on her feet for long periods of time, that she could not do night work, and that she could not be in contact with children suffering from contagious ailments. The employer advised claimant that it did not have any work that was compatible with her work limitations.

Claimant applied for unemployment compensation benefits, and the Bureau of Employment Security (Bureau) denied her application on the basis that she had voluntarily left her former employment and that she was ineligible for benefits because of the provisions of Section 402(b)(1) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802 (b)(1) (terminating employment without a necessitous and compelling reason). Claimant appealed this determination and a referee affirmed the Bureau's ruling, but she changed the rationale for denial of benefits and concluded that claimant was ineligible because of Section 401(d) of the Act, 43 P.S. §801(d), which requires, as a condition of eligibility, that the claimant be "able to work and available for suitable work."

Claimant appealed the referee's decision to the Unemployment Compensation Board of Review (Board) which entered an order disallowing a further appeal. The instant appeal followed, and we remand.

Claimant contends that the referee's determination that she was ineligible for benefits under Section 401 (d), when the issue on appeal to the referee was whether or not the Bureau had properly ruled her ineligible under Section 402(b)(1), was a breach of the Department of Labor and Industry regulation set forth at 34 Pa. Code §101.87:

> When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.

We must conclude that, when the Bureau notified the claimant of her ineligibility for the reason of a voluntary quit of her former employment, the regulation just quoted requires that the evidence adduced and determination made at the referee's hearing be limited to the legal issue ruled on by the Bureau. Here, although the evidence at the referee's hearing was directed to the voluntary-quit issue, the referee based her determination on an able-and-available issue. Our recent holding in *Bilsing v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 199, 382 A.2d 1279 (1978), controls here and requires that we remand the record to the Board for further proceedings. *See Chiaro v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 459, 366 A.2d 959 (1976).

440

We therefore make the following

ORDER

AND Now, this 1st day of May, 1978, the order of the Unemployment Compensation Board of Review, dated October 1, 1976, pertaining to the claim of Patricia Corressel, is hereby set aside, and the record is remanded for further proceedings and disposition not inconsistent with the above opinion.

ORDER

AND Now, this 30th day of May, 1978, the petition of Unemployment Compensation Board of Review for amended order is hereby granted, and the order of the Court dated May 1, 1978 in the above captioned case is amended to read that the order of the Unemployment Compensation Board of Review, dated October 1, 1976, pertaining to the claim of Patricia Corressel, is hereby set aside, and the record is remanded for further hearing and disposition not inconsistent with the above opinion.