Joseph Feinberg, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs, June 11, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Germaine Ingram,* for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, July 27, 1982:

The claimant in this unemployment compensation case has appealed from an order of the Board of Review affirming a referee's decision that the claimant was ineligible for unemployment compensation because he had voluntarily left his work without cause of a necessitous and compelling nature. Section 402(b)(1) of the Unemployment Compensation Law, 43 P.S. §802(b)(1).

The claimant was employed in engineering work by the City of Philadelphia. He suffers from manic depressive illness, the acute phase of which is called manic depressive psychosis. In March, 1980 he suffered an episode of manic depressive psychosis, characterized by excitability and increasingly aggressive behavior. His superior at work sent him to a city medical officer who, the claimant testified, told him to seek treatment from his own physician, gave him a note to deliver to his superior and advised him to take an extended leave from his work. He saw the medical officer on a Friday. He testified that he decided over the weekend to seek help for his condition from a friend in Georgia and that on the Monday following on his way to the airport he went to his office to deliver some work he had been doing at home. At the office he engaged in an altercation with a fellow employee and, according to the city's evidence, when his superior interceded told him "I quit" and left. He seems to have taken an airplane in the direction of

Georgia but ended in a hospital in Chattanooga, Tennessee.

The claimant seems not to have been in touch with the city thereafter although there is evidence that he called lady friends on a hospital telephone. The city's personnel people first suspended the claimant for fifteen days on account of the incident on his last day of work and then, after the period of suspension, discharged him for his continued absences from work without reporting.

In late June, 1980 after receiving the claimant's application for unemployment compensation and the employer's response, the Office of Employment Security disapproved the claim on the ground that the claimant was discharged for willful misconduct because of his failure to report to work or to report his absences in violation of his employer's policy, citing Section 402(e), 43 P.S. §802(e). This decision of course comported with the evidence—that he was discharged for failing to go to work or to report his absence.

At the hearing of the claimant's appeal from the Office's determination, both the claimant and the city were represented by counsel and the issue that was tried by them seems to have been that of whether the claimant's conduct on his last day of work constituted willful misconduct. The city described the claimant's behavior on that occasion. The claimant sought to prove that because he was having a manic depressive episode at the time his conduct was not intentional or deliberate. However, as we have noted, the employer's witnesses testified that in the course of the imbroglio at the office the claimant said to his supervisor, "I quit" and the referee based on that evidence decided that the claimant was disqualified as a voluntary quit pursuant to Section 402(b)(1). Neither the referee nor the Board of Review in affirming mentioned the

ground on which the Office had decided the case—willful misconduct for failing to return to work or report absence.

A departmental regulation relating to appeals from the Office at 34 Pa. Code §101.87 provides:

> When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.

In *Corressel v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 437, 385 A.2d 615 (1978), we held that the just cited provision of the Code required, after the Office of Employment Security had notified the claimant of her ineligibility by reason of voluntary quit, that the evidence adduced at the referee's hearing and the determination be limited to that issue. Here, although the Office ruled on willful misconduct consisting of failing to go to work and to report, the parties tried the matter of the claimant's willful misconduct, or not, by causing a disturbance at work and the referee and the Board of Review determined that it was a case of voluntary quit. In *Corressel* and in *Bilsing v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 199, 382 A.2d 1279 (1978), the latter a quite similar case, we remanded the record for further consideration of the issue ruled on by the Office of Employment Security. We do the same here; that is, order that the Board of Review's order be set aside

and the record remanded for further hearing and disposition not inconsistent with this opinion.

ORDER

AND Now, this 27th day of July, 1982, the order of the Unemployment Compensation Board of Review appealed from is set aside and the record is remanded for further hearing and disposition not inconsistent with this opinion herein.