Bethany Gould, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1983, before Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Peter Zurflieh,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Craig, October 17, 1983:

This unemployment compensation appeal involves a denial of benefits sought by a massage parlor employee who quit in the face of being sentenced for conviction on prostitution charges arising out of the employment.

This case has been moving like a yo-yo between the compensation authorities and this court for five years. We now come to the question of whether a legal basis

for unemployment compensation disqualification, different from the basis originally raised, can be determinative where it was raised only by the department on appeal to the board.

If we conclude that the disqualification basis applied here, section 3 of the Unemployment Compensation Law,[1] 43 P.S. §752, was not waived, then we must finally decide if there is a legal and factual basis to warrant the use of that disqualification in this case.

In *Gould v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 42, 430 A.2d 731 (1981) *(Gould I)*, Judge Rogers earlier stated the facts of this case. The claimant, Bethany Gould, had been employed as a bookkeeper at the Harrisburg office of the employer Majestic Spa, Inc. At the employer's request, she went to Allentown to manage Majestic's massage parlor there, was convicted of prostitution charges connected with that facility and then returned to her bookkeeping job at the Harrisburg office. On the advice of legal counsel, she quit the employment to improve her position when she faced sentencing.

The office of Employment Security (OES) initially denied her compensation application on the basis of a voluntary quit. After the referee allowed benefits, the department, not the employer, in the original appeal to the board, raised the issue of section 3, as an independent ground for the ineligibility of persons unemployed through fault of their own. After the board initially denied benefits on that basis pursuant to oral argument, the claimant filed a first appeal to this court; by stipulation the parties agreed to an order remanding the case to the board, which re-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, §3.

manded the case to a referee for a further hearing. The referee again granted benefits. The board thereafter vacated its section 3 disqualification and held the claimant ineligible as a voluntary quit. In *Gould I,* the appeal from that decision, we held that the voluntary quit was justified, and we remanded "for further hearing and decision by a referee" concerning eligibility, or not, under section 3. The third referee's decision denied benefits under section 3, the board affirmed that denial, and this appeal followed.

### *Waiver of Issue*

In *Gould I,* in connection with remanding to the board and referee, we cited this court's decision in *Wing v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 103, 426 A.2d 198 (1981). That *Wing* case, however, was reversed by the Pennsylvania Supreme Court in *Wing and King v. Unemployment Compensation Board of Review,* 496 Pa. 113, 436 A.2d 179 (1981), in which the Supreme Court held that a newly devised disqualification basis, willful misconduct, *if not raised before reaching the Commonwealth Court,* must be treated as waived and could not be the basis for this court's remanding for a further hearing, when the case had been theretofore considered solely on the basis of voluntary quit. The Supreme Court cited 2 Pa. C. S. §703, providing that a party who has proceeded before a Commonwealth agency "may not raise upon appeal any other question not raised before the agency. . . ." The Supreme Court also cited Pa. R.A.P. 1551, providing that, on the review of an administrative order,

(a) . . . No question shall be heard or considered by the court which was not raised before the government unit except:

. . . .

(3)   questions which the court is satisfied that the petitioner could not by the exercise of due diligence have raised before the government unit. . . .

The claimant here contends that the section 3 disqualification has been waived because the employer never raised it and the department raised it only on appeal to the board.

The claimant's reliance upon 34 Pa. Code §101.87 is not persuasive because that regulation merely limits the referee to considering issues raised by the action of the OES, unless the parties agree otherwise. More pertinent is 34 Pa. Code §101.107, which provides that "issues not previously considered or raised will not be considered by the Board" on appeal to it "unless the speedy administration of justice, without prejudice to any party, will be substantially served thereby, and are supported by the record," with new issues also being permitted to be raised by agreement of the parties.

*Wing and King,* along with the statute and appellate rule applied by the Supreme Court in that case, preclude consideration only of issues which have never been raised before the agency. Therefore *Wing and King* does not govern here because the section 3 issue *was* raised in this case by the department before the board.

We do not believe that 34 Pa. Code §101.107(a) precludes the board, or this court, from remanding for consideration of an issue which has not been waived under *Wing and King.* That regulation does prohibit the board from unilaterally embarking on an issue where it is not "supported by the record," that is, where there has been no opportunity to consider the issue in the course of a factual hearing. In *Libonate v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 422, 426 A.2d 247 (1981), we

held that the board cannot decide a case on an issue as to which no hearing has been held. We therefore remanded for a hearing to consider a new issue which there had first emerged before the board.

Hence, we conclude that our action in *Gould I,* remanding this case for a hearing to consider the section 3 question raised before the agency, was in accordance with law.[2]

## Legal Basis for Section 3 Disqualification

We decline to reconsider or overrule the previous decisions holding that section 3 provides an independent basis for disqualification of persons unemployed through their own fault. *Dombrowskie v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 546, 405 A.2d 1044 (1979).

Because the claimant has now received a hearing and full opportunity to present evidence on the section 3 issue, we cannot agree with the claimant that there has been any deprivation of due process.

## Factual Basis for Section 3 Disqualification

The claimant contends that, factually, neither the findings nor the record establish any direct causal relationship between the prostitution convictions in Allentown and the job termination which occurred after the claimant had returned to her work as a bookkeeper for the same employer in Harrisburg. The

---

[2] *Feinberg v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 636, 448 A.2d 664 (1982), provides no help for the claimant here because that case involved referee and board denials of benefits on the ground of voluntary quit, without mentioning or considering willful misconduct, the sole disqualification which the Office of Employment Security had applied. We remanded for consideration of the issue which the referee and board had ignored up to that point. We did not reach any question of waiver with respect to the new issue.

claimant argues that the prostitution convictions were unrelated to the bookkeeping work, at least in Harrisburg, and that the employer itself took no action to terminate the claimant's employment. However, the essential findings, that the claimant terminated the employment upon the advice of counsel to do so, to improve her position for sentencing on criminal charges connected with the employment, establish the direct causal relationship. Even though the termination was deferred until after the claimant had returned to her presumably innocent bookkeeping activity in Harrisburg, there was no doubt that the criminal convictions were related to the employment, that the criminal convictions constitute an adjudication of wrongdoing on her part, and that she ended the employment as a direct consequence of those criminal convictions.

In *Perdue v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 641, 369 A.2d 1334 (1977), where a conviction was the basis which prompted the resignation, we found no need to go behind the conviction to retry the question of culpability. In *Adams v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 486, 397 A.2d 861 (1979), the conviction also was enough. *See also Dombrowskie.*

The nature of the causal relationship here is different from the preceding cases, in which the crimes involved conduct incompatible with the continuing performance of the job duties; here there is no evidence or indication that the convictions on prostitution charges established an incapacity or unsuitability of the claimant for performance of bookkeeping duties. However, the relationship between the convictions and the termination here is nevertheless one of causation, even though of a different kind. Those convictions forced the claimant to end the employment, just as

surely as the convictions in the other cases forced the employers to require that the employment be ended.

We therefore affirm the latest and final decision of the board.

ORDER

Now, October 17, 1983, the decision of the Unemployment Compensation Board of Review, No. B-156-786-G, dated June 24, 1982, is affirmed.