Joseph C. Corbacio, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1983, to Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Stephen R. Krone,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, October 25, 1983:

Joseph C. Corbacio (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying benefits under Section 3 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §752 (public policy declaration that benefits will be granted to persons unemployed through no fault of their own).

The relevant facts, as found by the referee and affirmed by the Board, are as follows. The claimant was employed as a delivery driver and warehouseman for AGM Inc. (employer). He was cited for several off-the-job speeding violations which, after hearing and appeals, resulted in the revocation of his opera-

tor's license. A requirement of his employment as a delivery driver was, of course, that he possess a valid Pennsylvania operator's license. The employer had no other position in its organizational structure in which to place the claimant, and because of his loss of a license to drive, involuntarily terminated his employment. The Office of Employment Security (OES) denied the claimant's application for benefits under Section 402(e) of the Law, 43 P.S. §802(e) (wilful misconduct), however, on appeal to the referee, benefits were denied under Section 3 of the Law, 43 P.S. §752. After the Board affirmed, the claimant filed the instant appeal.

Pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, we must affirm the Board's adjudication unless a party's constitutional rights were violated or there was an error of law, or necessary findings of fact are not supported by substantial evidence.

The claimant argues first that the referee acted improperly in basing his decision on a legal theory not relied upon by the OES. In support of this argument, he cites to several sections of the administrative regulations, 34 Pa. Code §101.87[1] and 34 Pa. Code §101.107,[2] which appear to limit the issues which may

---

[1] This regulation provides:

When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, *any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.* (Emphasis added.)

[2] This regulation provides:

(a) In connection with the consideration of any appeal to the Board from the decision of a referee, the

be considered on appeal. And, inasmuch as the referee decided the case under Section 3, as opposed to the decision of the OES's based upon Section 402(e), he argues that his case should be remanded.

This Court has recently rejected a similar argument in *Gould v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 554, 446 A.2d 750 (1983). In *Gould*, Judge CRAIG reviewed the above-cited regulations, as well as the Supreme Court decision in *Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981) and held that, although the claimant in *Gould* was initially denied benefits under the voluntary quit provision of the Law,[3] it was proper for the Board to decide the matter under Section 3. Concerning the *Wing* decision, *Gould* stated that the issue of waiver presented there was not applicable because *Wing* concerned an issue of waiver not raised before *any* administrative body, but only raised the first time before this Court. In *Gould* and in this case, the question of the applica-

Board may consider any issue in the case though not expressly ruled upon in the decision of the Department or the referee and though not previously raised in the claim or appeal proceedings. *However, issues not previously considered or raised will not be considered by the Board, either upon application for, or in the determination of an appeal unless the speedy administration of justice, without prejudice to any party, will be substantially served thereby and are supported by the record.*

(b) The Board shall consider the issues expressly ruled upon in the decision from which the appeal is filed. *However, any issue in the case, with the approval of the parties, may be determined though not expressly ruled upon or indicated in the notice of hearing, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby and are supported by the record.* (Emphasis added.)

[3] Section 402(b) of the Law, 43 P.S. §802(b).

bility of Section 3 was raised before the compensation authorities; *Wing,* therefore, is not controlling.

Moreover, as the Board argues, the claimant was advised and clearly had notice that the referee, at the hearing, would consider the applicability of several sections of the Law, including Section 3, in addition to Section 402(e). *See Libonate v. Unemployment Compensation Board of Review,* 57 Pa. Commonwealth Ct. 422, 426 A.2.d 247 (1981). And, inasmuch as no additional facts were elicited, there was no change in the burden of proof, and there was clearly no prejudice to the claimant, remand would be unnecessary. The claimant was aware at all times of the factual basis on which his eligibility turned, for the relevant inquiry was always whether or not the claimant did in fact lose his operator's license and whether or not possession of that license was a valid condition of employment. We find no prejudice here, nor waiver under *Wing* or the regulations cited.[4]

Regarding the merits of the claim, it is now well-settled that Section 3 provides an independent ground for disqualification. *Gould; Dombroskie v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 546, 403 A.2d 1044 (1979). And, this Court has held in similar cases that, where pos-

---

[4] *Corressel v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 437, 385 A.2d 615 (1978) and *Feinberg v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 636, 448 A.2d 664 (1982) are also inopposite. These cases involved the determination of eligibility under different sections of the Law which carry different burdens of proof. For example, in *Feinberg,* the OES ruled the claimant ineligible under the wilful misconduct section (burden rests with employer) yet the referee decided the case under the voluntary quit section (burden rests with employe to show cause). In that situation, remand and a new hearing are necessary to avoid surprise and prejudice. Here, there was neither surprise nor prejudice.

session of an operator's license is a requirement for employment and the claimant loses that license and is consequently dismissed, benefits will be denied under Section 3. *Huff v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 11, 396 A.2d 94 (1979), *aff'd,* 487 Pa. 448, 409 A.2d 854 (1980); *Varmecky v. Unemployment Compensation Board of Review,* 60 Pa. Commonwealth Ct. 640, 432 A.2d 635 (1981).

Having reviewed the evidence below, we believe the referee's findings to be supported by substantial evidence, and, in light of the decisions of *Huff* and *Varmecky,* we will affirm the Board.

### Order

And Now, this 25th day of October, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.