506 A.2d 1020

Sherry L. Braun, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 7, 1986, to Judges MACPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Frayda Kamber, Kury & Kamber,* for petitioner.

*Daniel T. Booth,* Legal Intern, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, April 3, 1986:

Sherry L. Braun (claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) denying her benefits on the basis of willful mis-

conduct pursuant to Section 402(e) of the Unemployment Compensation Law (Act).[1]

Claimant was employed as a nursing assistant by Mansion Nursing Home (employer) for a period of nearly four years. She was terminated on March 26, 1984, because of her negligent failure to restrain an infirmed patient on a commode. Claimant left the patient unattended and unrestrained on the commode as she left the room. The patient fell and suffered serious injuries. Claimant testifed that she had called for another nurse to restrain the patient in her absence, but later learned that the nurse she allegedly called to for assistance never heard or acted on her request for assistance. Nonetheless, the claimant left the patient unattended.[2]

Claimant makes several arguments in support of reversing the Board and granting benefits, none of which we find persuasive. The burden of proving willful misconduct is on the employer. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). The standard of review where the party bearing the burden of proof has prevailed is whether an error of law has been committed or whether any necessary finding of fact is unsupported by substantial evidence in the record. *Swope v. Unemployment Compensation Board of Review,* 91 Pa. Commonwealth Ct. 459, 461, 497 A.2d 289, 290 (1985).

Claimant argues first that substantial evidence supported the referee's findings of fact. This argument is misplaced. In this case, the Board reversed the referee's

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] In addition, there were factual findings by the Board that the reason for termination was alleged abusive behavior in the care of patients, and further that claimant had been previously counseled in the proper performance of her duties.

award of benefits and made its own findings of fact. The Board is the ultimate factfinder and questions of credibility and conflicts of testimony are to be resolved by the Board. *Saxton v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 636, 455 A.2d 765 (1983). Our Supreme Court has recently reaffirmed the ultimate factfinder role of the Board in *Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985). Consequently, the referee's resolution of conflicting testimony is irrelevant to the outcome of the case, and our scope of review here is determining whether the Board's findings were supported by substantial evidence and correcting errors of law. *Dempsey v. Unemployment Compensation Board of Review,* 92 Pa. Commonwealth Ct. 524, 499 A.2d 740 (1985).

Claimant argues that she was not consciously disregarding the employer's rules because she allegedly asked another nurse for assistance in restraining the patient. This is an issue of fact resolved against claimant by the Board, and the record contains substantial evidence in support of the Board's findings.

The third argument made by claimant is that the Board erred as a matter of law in reversing the determination of the referee. As stated previously, the Board is the ultimate factfinder and may reverse the referee and make new findings of fact. *Peak; Saxton.*

Claimant contends next that the finding regarding the failure of the nurse to respond to claimant's call for assistance was based on hearsay testimony of the employer. Our review of the record indicates that the claimant failed to affirmatively testify that the nurse had heard her or that she (claimant) ever made an attempt to ascertain that the nurse heard her. Claimant herself testified that she was later made aware that the nurse had never heard or acted on the claimant's alleged request for assistance. The claimant's own testimony as to whether she knew the nurse heard her is not hearsay,

but is based on first-hand knowledge and is a party admission. *See* McCormick, *Evidence,* §266, at 636-639 (2d Ed. 1972); *Evans v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 297, 484 A.2d 822 (1984). The claimant's duty was to make sure the patient was secure and attended to. The burden was on claimant to affirmatively justify leaving the patient unattended and unsecured. It is not enough for her to state that she called another nurse; she had to testify that the nurse heard her, and acted on her request. Consequently, it is claimant's admission and not the unobjected-to hearsay testimony of the employer which demonstrates her willful misconduct. Nonetheless, unobjected-to hearsay testimony can be considered if corroborated by non-hearsay evidence, in this case the claimant's admissions, and support the referee's findings. *See Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

Finally, claimant argues that the employer did not meet its burden of proving a rule and the fact of its violation. *See Sonat Marine v. Unemployment Compensation Board of Review,* 92 Pa. Commonwealth Ct. 404, 499 A.2d 718, 721 (1985). This is an issue of fact resolved against claimant by the Board, and we find substantial evidence in support of the Board's findings.[3]

For the above reasons, the decision of the Board will be affirmed.

## ORDER

AND NOW, this 3rd day of April, 1986, the decision of the Unemployment Compensation Board of Review, No. B-232344, dated July 10, 1984, is hereby affirmed.

---

[3] The record indicates that on two prior occasions claimant had been previously counseled and warned regarding neglect of patients. Claimant was on notice that future instances of patient neglect would not be tolerated.