516 A.2d 866

Ava E. Giddens, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 12, 1986, to Judges MACPHAIL and PALLADINO, and Senior Judge BLATT, sitting as a panel of three.

*Robert Senville,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, October 29, 1986:

Ava E. Giddens (Claimant) petitions for review of an Unemployment Compensation Board of Review (Board) determination which affirmed a referee's denial of benefits based on Claimant's willful misconduct. We vacate and remand.

The referee found that Claimant had been employed as a stock person by Tersuhow's (Employer) and was paid minimum wage from September, 1980, until she was discharged on March 1, 1984. Claimant was discharged because she refused to do work as a "steamer" during a heavy workload period. Although her daily routine did not include steaming, Claimant had on previous occasions performed other duties outside her customary ones. The referee found that the "steamer" duties were easy but that Claimant refused because she believed she would be retained permanently in the job if she agreed to do it on this occasion. Claimant continued to refuse to steam even after being asked several

times to reconsider and after being advised that she would be fired if she did not steam.

The Office of Employment Security (OES) denied benefits solely on the basis of its determination that Claimant had voluntarily quit work without cause of a necessitous or compelling nature, Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). The referee affirmed the denial of benefits but changed the legal basis for denial to willful misconduct, Section 402(e) of the Law, 43 P.S. §802(e).

At the hearing the referee neither asked for the parties' consent to consider the willful misconduct issue, nor did he verbally warn the parties that he was considering that issue.

Claimant argues here that the referee erred, in light of 34 Pa. Code §101.87,[1] in considering the Section 402(e) (willful misconduct) issue since he had not received the parties' consent and the OES determination was confined to Section 402(b) (voluntary quit). Claimant further argues that the Employer has waived any further consideration of either the Section 402(b) or 402(e) issues and that the proper remedy is to reverse and remand solely for a calculation of benefits. In the alternative, Claimant argues that even if the referee did not err in considering the Section 402(e) issue, her conduct did not rise to the level of willful misconduct.

---

[1] 34 Pa. Code §101.87 states:

§101.87. **Issues considered on original appeal.**

When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.

The Board argues that the referee's findings of fact, which were affirmed by the Board, are supported by the evidence and are binding on this Court. The Board further argues that the parties were properly notified, through the appeal notice,[2] that Section 402(e) (willful misconduct) would be considered at the referee's hearing and therefore it was not an error for the referee to consider that issue. Finally, the Board argues that Claimant's conduct did constitute willful misconduct and therefore the denial of benefits was proper.

Hence, the issues presented to this Court for review are: (1) did the referee err in considering the Section 402(e) (willful misconduct) issue; (2) assuming *arguendo* that the referee did err, what is the proper remedy; (3) is this Court bound by the Board's factual findings; and (4) did Claimant's conduct constitute willful misconduct?

Turning to the first issue, the real question is whether the notice of hearing on original appeal (appeal notice) sent by the referee to the Claimant can contravene the requirements of 34 Pa. Code §101.87. The appeal notice sent by the referee in this case notified Claimant that one of the issues to be considered would be Section 402(e) (willful misconduct). As previously stated, the notice of determination informed Claimant that the sole basis for denial of benefits was Section 402(b) (voluntary quit).

In *Corressel v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 437, 385 A.2d 615 (1978), the claimant was denied benefits by OES based on Section 402(b). On appeal, the referee affirmed the

---

[2] The appeal notice stated that the specific issues to be considered in the appeal would be Section 3 of the Law, 43 P.S. §752, Section 401(d)(1) of the Law, 43 P.S. §801(d)(1), Section 402(b) of the Law, 43 P.S. §802(b) and Section 402(e) of the Law, 43 P.S. §802(e).

OES but changed the legal basis for denial to Section 401(d). Our Court vacated and remanded, citing 34 Pa. Code §101.87 and stating "[w]e must conclude that, when the Bureau notified the claimant of her ineligibility for the reason of a voluntary quit of her former employment, the regulation just quoted [34 Pa. Code §101.87] requires that the evidence adduced and determination made at the referee's hearing be limited to the legal issue ruled on by the Bureau." *Id.* at 439, 385 A.2d at 616.[3]

The issue then becomes whether or not Claimant's testimony at the referee's hearing comes within the exception to 34 Pa. Code §101.87 which allows consideration of other issues with the parties' consent. It is clear from the record and the briefs that Claimant was neither asked for, nor did she volunteer, her consent to consideration of the Section 402(e) issue.

In addition, we note that although the Board did not argue that Claimant impliedly consented to consideration of other issues, the facts in this case would nonetheless preclude such a finding.[4] Accordingly, we find

---

[3] *See also Clark v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 513, 516 n.2, 471 A.2d 1309, 1310 n.2 (1984), which states: "34 Pa. Code §101.87 and 34 Pa. Code §101.107 prohibit the referee from basing a decision on a legal issue other than the one found in the determination."

[4] Claimant appealed the OES determination based solely on her belief that she had been fired. The testimony she gave before the referee is substantively similar to the statements she provided to the OES on a summary of interview sheet. That testimony indicates that Claimant believed she was justified in refusing to steam and that she had been fired for her refusal. In *Anthony v. Unemployment Compensation Board of Review*, 96 Pa. Commonwealth Ct. 20, 506 A.2d 501 (1986), we found that such a similarity between the testimony given to the OES and that given to the referee precludes a finding that Claimant either impliedly or knowingly consented to consideration of other issues.

that the referee erred in considering the Section 402(e) (willful misconduct) issue.

Next, Claimant argues that the proper remedy if the referee did err is to remand solely for a calculation of benefits. Claimant argues that a remand for further consideration of either the Section 402(b) or Section 402(e) issues is barred by *Wing v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981). *Wing* is inapposite. In *Wing*, a new legal theory to support the denial of benefits was not advanced until the case was on appeal before us. This Court has stated that *Wing* "does not bar a remand order when the new issue has emerged before the administrative authorities at some point, and has not been deferred until appellate court review is reached." *Anthony v. Unemployment Compensation Board of Review*, 96 Pa. Commonwealth Ct. 20, 25, 506 A.2d 501, 504 (1986).

In the present case, the new theory for denial of benefits was first advanced at the referee's hearing. Therefore, *Wing* does not bar a remand in this case. Accordingly, we shall vacate the Board's order and remand to the Board for further proceedings.

In light of our determination that the referee erred in considering Section 402(e) and our decision to remand, we need not address the other issues.

ORDER

The order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated and this case is remanded for disposition consistent with the foregoing opinion.

Jurisdiction relinquished.