520 A.2d 102

Jeffrey T. Hine, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 17, 1986, before Judges MAC-
PHAIL, DOYLE and COLINS, sitting as a panel of three.

*Frederic G. Antoun,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Clif-
ford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, January 20, 1987:

Jeffrey T. Hine (Claimant) petitions for review of a
decision of the Unemployment Compensation Board of
Review (Board) denying him benefits under Section 3 of
the Unemployment Compensation Law (Law).[1] We af-
firm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937)
2897, *as amended,* 43 P.S. §752.

Claimant was employed by Hoffman Ford (Employer) as an auto mechanic in the service department of that company. Claimant's usual duties involved repairing and rebuilding automobile engines. One of Employer's policies required that its auto mechanics possess a valid Pennsylvania driver's license at all times. This policy of Employer was necessary for insurance purposes, since its mechanics were required in the course of their work to drive automobiles around and about Employer's premises and Claimant was aware of this policy.

Sometime around March 21, 1985, Claimant's driver's license was suspended due to a series of motor vehicle violations.[2] Claimant made no effort to begin serving his suspension, and, therefore, on April 12, 1985, a Pennsylvania State Police officer arrived at Employer's premises and confiscated Claimant's driver's license. Claimant was discharged the same day for being in violation of Employer's policy.

Claimant applied for unemployment compensation benefits and the Office of Employment Security (OES) determined Claimant was ineligible for benefits under Section 402(e) of the Law (willful misconduct), 43 P.S. §802(e), because of his violation of Employer's policy. Claimant appealed this determination and although the notice of hearing sent to Claimant listed Section 402(e), willful misconduct, as the specific issue to be considered by the referee, the notice also stated that Section 3 of the law might also be considered.[3] Section 3 is a substantive provision of the law which disqualifies un-

---

[2] Claimant's license was suspended for the accumulation of 11 or more points against his license. 75 Pa. C. S. §1539(a).

[3] The notice sent to Claimant stated that Section 402(b) of the Law, 43 P.S. §802(b) (voluntary quit) and Section 401(d)(1), 43 P.S. §801(d)(1) (availability for work) were also issues which might be considered at the hearing.

employment claimants from benefits when they become unemployed through their own fault. *Unemployment Compensation Board of Review v. Ostrander,* 21 Pa. Commonwealth Ct. 583, 347 A.2d 351 (1975); *Evans v. Unemployment Compensation Board of Review,* 86 Pa. Commonwealth Ct. 297, 484 A.2d 822 (1984). After the hearing,[4] the referee determined that Claimant was ineligible for benefits under Section 3, and the Board affirmed the referee's determination. This appeal followed.

There are two issues presented on this appeal. First, a question of fact, whether Claimant needed to possess a valid Pennsylvania driver's license as a requirement for his continued employment, and second, whether the referee acted improperly in basing his decision on a legal theory not relied upon by the OES; a question of law.

This Court has previously held that where an employee is required to possess and maintain a valid driver's license as a condition of his employment, if the employee is discharged because his license is suspended, he is ineligible to receive benefits under Section 3. *Corbacio v. Unemployment Compensation Board of Review,* 78 Pa. Commonwealth Ct. 70, 466 A.2d 1117 (1983); *Huff v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 11, 396 A.2d 94

---

[4] At oral argument before this Court, Claimant's attorney stated that he and his client were present at the hearing before the referee and that no representatives or witnesses were present on behalf of the Employer. The record in this case, however, indicates that Claimant was unrepresented at the hearing and that a representative of the Employer was present. Although this confusion has not been clarified, we must of course decide appeals *on the record* certified by the Commonwealth agency. 2 Pa. C. S.§704; Pa. R. A.P. 1551(a); *McCaffrey v. Pittsburgh Athletic Association,* 448 Pa. 151, 293 A.2d 51 (1972).

(1979), *affd per curiam*, 487 Pa. 448, 409 A.2d 854 (1980). In these cases, as here, the possession of a valid driver's license was an essential requirement of the job.

While Claimant vigorously contests the Board's finding that possession of a valid driver's license was a requirement of his employment, we find that there is substantial evidence to support the Board's finding in that the Employer testified, and Claimant acknowledged, that Employer had this policy. Therefore, because the loss of Claimant's driver's license, and his consequent violation of the Employer's policy, was through his own fault, the Claimant is disqualified from receiving unemployment benefits under Section 3.

Claimant's second, legal, argument is that the referee acted improperly in basing his decision on a theory not relied upon by the OES. The OES found Claimant ineligible for benefits under Section 402(e), willful misconduct, while the referee determined Claimant was ineligible under Section 3. Claimant's argument is grounded on 34 Pa. Code §101.87 which provides:

> When an appeal is taken from a decision of the Department, the Department shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal [referee] shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.

The Board readily concedes that at no time during the course of the hearing did the referee ask for the parties' consent to consider the Section 3 issue nor advise the parties that she was considering that issue.

The Board argues, however, that we should affirm the Board's decision because the referee's reliance on

Section 3 did not result in any surprise or prejudice to Claimant. We agree. We think resolution of the issue is controlled by our decision in *Corbacio* where the facts and issues are identical with those presented here, except that the Claimant in *Corbacio* was a delivery driver and not an auto mechanic. In *Corbacio* Judge BLATT wrote:

> [T]he claimant was advised and clearly had notice that the referee, at the hearing, would consider the applicability of several sections of the Law, including Section 3, in addition to Section 402(e). . . . And, inasmuch as no additional facts were elicited, there was no change in the burden of proof, and there was clearly no prejudice to the claimant, remand would be unnecessary. The claimant was aware at all times of the factual basis on which his eligibility turned, for the relevant inquiry was always whether or not the claimant did in fact lose his operator's license and whether or not possession of that license was a valid condition of employment. We find no prejudice here . . . . (Citation omitted.)

*Id.* at 74, 466 A.2d at 1119. What was true in that case is equally true in this one.

At oral argument the continued vitality of our decision in *Corbacio* was questioned in light of our recent decisions in *Giddens v. Unemployment Compensation Board of Review*, 101 Pa. Commonwealth Ct. 576, 516 A.2d 866 (1986) and *Anthony v. Unemployment Compensation Board of Review*, 96 Pa. Commonwealth Ct. 20, 506 A.2d 501 (1986). Both *Giddens* and *Anthony* involved initial determinations by the OES that the claimant was ineligible for benefits on the basis of Section 402(b) (voluntary quit), but subsequent decisions by the referee, disqualified the claimant under Section 402(e) (willful misconduct). These cases are distinguish-

able because under Section 402(b) the burden rests with the claimant to show necessitous and compelling cause for leaving his employment, *Taraschi v. Unemployment Compensation Board of Review,* 98 Pa. Commonwealth Ct. 22, 510 A.2d 400 (1986), while under Section 402(e), the employer has the burden of showing willful misconduct. *Braun v. Unemployment Compensation Board of Review,* 96 Pa. Commonwealth Ct. 238, 506 A.2d 1020 (1986). When the OES and the referee decide the issue on these disparate grounds, a remand is necessitated in order to avoid surprise and prejudice. *Corressel v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 437, 385 A.2d 615 (1978); *Feinberg v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 636, 448 A.2d 664 (1982). By contrast, however, in the case at bar, the burden of proving that a claimant is disqualified is on the employer, both under Section 3 *and* under 402(e). Since the critical facts underlying Claimant's eligibility for benefits remained the same at all times and there was no shifting of the burden of proof, no surprise or prejudice necessitating a remand is presented in the instant case.

Accordingly, we affirm the order of the Board.

ORDER

NOW, January 20, 1987, the order of the Unemployment Compensation Board of Review, No. B-241984, dated July 25, 1985, is hereby affirmed.

Judge MACPHAIL dissents.