# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Act Home Health Services, Inc.,     :
                       Petitioner    :
                                   :

        v.                  :   No. 444 C.D. 2021
                                   :   SUBMITTED: January 21, 2022

Unemployment Compensation     :
Board of Review,                 :
                 Respondent    :


BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**             **FILED: July 18, 2022**

Act Home Health Services, Inc. (Act), petitions for review from the order of the Unemployment Compensation Board of Review affirming the Referee's decision granting benefits under the Unemployment Compensation Law[1] to Claimant, Princess Yvonne Kennedy. We reverse.

Claimant applied for benefits with an effective date of March 29, 2020. The Department of Labor and Industry's Office of Employment Security (OES) granted benefits. Act appealed, arguing that Claimant was not an employee but an independent contractor and that while Claimant listed a lack of work as the basis for her entitlement to benefits, she had been unavailable for work offered by Act. A

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

Referee conducted a hearing at which Claimant, who appeared *pro se*, and witnesses for Act, which was represented by counsel, appeared. The Referee affirmed the determination of OES, determining that Claimant was not self-employed pursuant to Section 402(h) of the Law, 43 P.S. § 802(h).

In her December 22, 2020 decision, the Referee found as follows. (Referee's Decision/Order, Findings of Fact "F.F." Nos. 2-8.) In December 2018 Claimant signed an independent contractor agreement with Act, acknowledging that she was an independent contractor responsible to obtain her own insurance and responsible for her own taxes. Claimant began working for Act in May 2019 providing skilled nursing services at a pay rate of $32 per hour. Claimant determined her own schedule and was able to refuse work as she wished. On October 22, 2019, the Internal Revenue Service assigned an employer identification number (EIN) for Kennedy's Care LLC. On March 13, 2020, Claimant signed a second independent contractor agreement with Act on behalf of Kennedy's Care LLC, providing her EIN instead of her social security number. Claimant was permitted to work for others providing the same nursing services. Of key import to this case, Claimant has not accepted shifts because she is enrolled in school.

The Referee concluded that Claimant was not self-employed because while Act established that Claimant was free from control or direction over the performance of her services, it did not establish that Claimant was customarily engaged in an independently established trade or occupation. (Referee's Decision/Order at 2-3). With regard to the "customarily engaged" requirement, the Referee further explained that while Claimant admitted that, at Act's suggestion, she obtained an EIN number in order to establish a limited liability company (LLC), she did not advertise to anyone else and did not go to find clients on her own. (*Id.* at 3).

2

The Referee appears not to have considered the issue of Claimant's ability to work and availability for suitable work.

Act appealed to the Board, which by order dated March 29, 2021, affirmed the Referee's decision, adopting and incorporating the Referee's findings and conclusions. The Board rejected Act's argument that Claimant was not able and available for suitable work because she refused assignments. The Board suggested that Act might wish to alert the Department separately and request a determination under Section 402(a) of the Law, 43 P.S. § 802(a). Act then filed a petition for review with this Court.

On appeal, Act raises two issues: that Claimant is not eligible for unemployment compensation benefits because she was (1) unavailable for work and (2) self-employed. We find Act's first argument determinative.

Act first argues that Claimant was unavailable for work. However, before considering this, we must consider the threshold issue raised by the Board of whether the question of Claimant's ability and availability for work was not properly before the Referee and Board. The Board argues that it would have been error to rule upon that issue without proper notice to the parties under Section 101.87 of its regulations, which provides that when an appeal is taken from a decision of OES,

> [OES] shall be deemed to have ruled upon all matters and questions pertaining to the claim. In hearing the appeal the tribunal shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case may, with the approval of the parties, be heard, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby.

34 Pa. Code § 101.87 (relating to issues considered on original appeal).

The Board points out that the record contains no notice of determination from OES ruling upon Section 401(d)(1) of the Law, which requires one to be "able to work and available for suitable work." 43 P.S. § 801(d)(1). The notice of hearing only listed Section 402(h) of the Law—that an employee shall be ineligible for compensation for any week "in which [s]he is engaged in self-employment," 43 P.S. § 802(h)—as an issue to be considered in the appeal. (R.R. at 90a.) Near the beginning of the hearing, the Referee announced the issue was eligibility for benefits under Section 402(h). (N.T. at 3, R.R. at 127a.) Thus, the Board argues that the Referee on appeal may only consider those charges delineated in the hearing notice.

Act responds that the Board's argument conflicts with our holding in *Sharp Equipment Company v. Unemployment Compensation Board of Review*, 808 A.2d 1019 (Pa. Cmwlth. 2002), that Section 101.87 of the Board's regulations "has been interpreted to allow the [r]eferee to consider other issues so long as the claimant is not surprised or prejudiced." *Id.* at 1025 [citing *Hine v. Unemployment Comp. Bd. of Rev.*, 520 A.2d 102 (Pa. Cmwlth. 1987)]. In *Sharp*, as here, the putative employer raised two issues in its appeal from an OES determination, but, again as here, only one of those issues was considered by a referee and the Board because that was the only issue considered by OES. The Board argued that it could not rule on the issue of voluntary separation because it was not decided by the referee and that the employer had waived the issue. We reversed, holding that because the issue of the claimant's voluntary separation was expressly raised in the employer's notice of appeal to the referee, the claimant could not claim surprise and, thus, the regulation "did not bar the [r]eferee from considering the second issue raised by [the] [e]mployer in its Notice of Appeal." *Id.* In *Sharp*, we further relied upon Section

4

101.107(a) of the Board's regulations, concerning appeals from the referee, which provides in relevant part as follows:

> In connection with the consideration of an appeal to the Board from the decision of a referee, *the Board may consider an issue in the case though not expressly ruled upon in the decision of the Department or the referee and though not previously raised in the claim or appeal proceedings.* However, issues not previously considered or raised will not be considered by the Board, either upon application for, or in the determination of an appeal unless the speedy administration of justice, without prejudice to any party, will be substantially served thereby and are supported by the record.

34 Pa.Code § 101.107(a) (emphasis added). Accordingly, we concluded that the second issue should have been decided by the Board. *Id.*

In *Sharp*, the employer raised the issue for which it sought review in its notice of appeal of the OES determination. In its notice of appeal from OES in the instant case, Act stated as follows:

> It is also important to point out that during the period of time Claimant claims 'Lack of Work' as the basis for her 'entitlement' to UC benefits, A[ct] had and offered her work to perform but she refused to perform the work that was available because she was 'not interested' or was unavailable due to performing work for another agency and/or taking classes.

(R.R. at 36a.) We agree with Act that the issue of Claimant's ability and availability for work was properly before the Board and should have been considered based on the evidence of record and the findings of the Referee.

Under Section 401(d)(1) of the Law, "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . [i]s able to work and available for suitable work . . . ." 43 P.S. § 801(d)(1). A claimant is presumed to be

5

able and available for work when she applies for benefits. *See Rohde v. Unemployment Comp. Bd. of Rev.*, 28 A.3d 237, 243 (Pa. Cmwlth. 2011). However, this presumption is rebuttable by evidence that a claimant has refused available work. *See Fenk v. Unemployment Comp. Bd. of Rev.*, 405 A.2d 590, 592 (Pa. Cmwlth. 1979). Such evidence might include self-imposed limitations on availability to take work offered by an employer, such as an unwillingness to work during shifts offered, *id.*, or where a claimant's status as a student gives a search for employment an unreasonably low possibility of success, *see Scardina v. Unemployment Compensation Board of Review*, 537 A.2d 388, 390 (Pa. Cmwlth. 1988).

While the issue of whether a claimant seeking unemployment benefits is available for work is generally a question of fact, some restrictions on job availability may be so untenable or illustrative of a lack of good faith as to be disqualifying as a matter of law. *Craig v. Unemployment Comp. Bd. of Rev.*, 442 A.2d 400, 402 (Pa. Cmwlth. 1982). Here, the evidence and findings of the Referee clearly indicate that the Claimant was not "able and available" for suitable work. In one text message exchange, an Act representative asked if Claimant was still working full-time with another agency or whether Claimant had full-time availability to Act and Claimant responded as follows:

> No I just pick up shifts. But I'm not interested in FT [full-time] work because I go to school through the week. I'm open in the evening everyday through this week. So any time after 1p until 12/15 then my class schedule will change starting end of January[.]

(R.R. at 83a.) Under questioning by Act, Claimant testified that she had been offered new patients by Act but had turned them down because the shifts conflicted with the times that she was either working elsewhere or was in school or were "just bad hours

6

for [her]. In regards to [her] personal life and what [she] ha[s] going on," such as lack of childcare (N.T. at 16, R.R. at 140a). Consistent with this evidence, the Referee found that Claimant "determined her own schedule and was able to refuse work as she wished" and "ha[d] not accepted shifts because she is enrolled in school." (Referee's Decision/Order, F.F. No. 8.) These findings were adopted by the Board, supported by record evidence, and are therefore binding.

Essentially, the Referee found that Claimant was not available for work, disqualifying her from receiving benefits under Section 401(d)(1). Where a claimant is disqualified, as here, by an explicit provision of the Law, the claimant is ineligible for benefits. *Penn Hills Sch. Dist. v. Unemployment Comp. Bd. of Rev.,* 437 A.2d 1213, 1215 (Pa. 1981).[2]

---

[2] We do not reach Act's second issue because we find the first determinative. Assuming *arguendo* that the first issue was not determinative, we do not discern an error in the Board's determination that Act failed to meet its burden with respect to the independence factor of Section 4(*l*)(2)(b), that Claimant is "customarily engaged in an independently established trade occupation, profession, or business." 43 P.S. § 753(*l*)(2)(B). The same finding of fact which establishes that Claimant was unavailable also undermines any potential conclusion that Claimant was so engaged.

Section 402(h) of the Law provides in pertinent part as follows: "[a]n employe shall be ineligible for compensation for any week in which he is engaged in self-employment." 43 P.S. § 802(h). Although the Law does not define self-employment, the courts look to the definition of "employment" provided by Section 4(*l*)(2)(b), which excludes from the definition services for wages if "as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business." 43 P.S. § 753(*l*)(2)(B). "Customary" is defined as "commonly practiced, used, or observed," and "engage" is defined as "to employ or involve oneself; to take part in; to embark on." *Staffmore, LLC v. Unemployment Comp. Bd. of Rev.*, 92 A.3d 844, 847 (Pa. Cmwlth. 2014) [quoting Merriam-Webster's Collegiate Dictionary 308 (11th ed. 2004) and Black's Law Dictionary 608 (9th ed. 2009)] (emphasis omitted). Even "the fact that an unemployed person agrees to accept, and thereafter does accept, an occasional offer of work is simply not enough to demonstrate that said individual is customarily engaged in an independently established trade, occupation, profession or business." *Lowman v. Unemployment Comp. Bd. of Rev.*, 235 A.3d 278, 301 (Pa. 2020) [quoting *Silver v. Unemployment Comp. Bd. of Review*, 34 A.3d 893, 898 (Pa. Cmwlth. 2011)]. Here, there is little evidence to **(Footnote continued on next page…)**

7

Thus, having determined that the Board erred as a matter of law, we reverse its order and find Claimant ineligible for benefits under Section 401(d)(1) of the Law.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

President Judge Cohn Jubelirer, Judge Fizzano Cannon, and Judge Wallace did not participate in the decision for this case.

_____

conclude that Claimant's employment activities went beyond occasionally "picking up" shifts for other companies while dedicating herself to non-employment endeavors.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Act Home Health Services, Inc., : 
                    Petitioner :
                               :
            v.                 : No. 444 C.D. 2021
                               :
Unemployment Compensation      :
Board of Review,               :
                    Respondent :

# **O R D E R**

AND NOW, this 18th day of July, 2022, the order of the Unemployment Compensation Board of Review awarding benefits to Claimant is REVERSED.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita