Donna D. Libonate, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1980, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Donna D. Libonate,* petitioner, for herself.

*Karen Durkin,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 11, 1981:

Donna D. Libonate (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which disallowed her appeal from a referee's denial of unemployment benefits.

The claimant was last employed on a part-time basis as a bookkeeper by Lauderbach and Company which went out of business in March of 1979. When she then filed an application for benefits, she advised the Office of Employment Security that she was available only for part-time work because of her domestic responsibilities, and she refused a referral to a full-time bookkeeping position on May 17, 1979. She was then notified that her benefits would be disallowed under Section 402(a) of the Unemployment Compensation Law (Law)[1] because of her failure to accept suitable work. She appealed this determination, but, after a hearing on June 28, 1979, the referee affirmed the disallowance on the exclusive grounds that she had failed to accept suitable work. On her appeal to the Board, which took no additional evidence, the Board held that she was not ineligible under Section 402(a) of the Law because her desire to care for her child was good cause for the refusal of the job referral, but it held instead that she was ineligible under Section 401(d) of the Law, 43 P.S. §801(d), because she had so limited her availability as to remove herself from the labor market. The claimant contends here that the Board violated its own regulations by relying on Section 401(d) of the

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(a).

Law, for that issue was not ruled upon by the referee and she did not have an adequate opportunity to present evidence concerning that issue.

The issues which the Board may consider in an appeal from a referee's decision are limited by the following Department of Labor and Industry regulation:

> (b) The Board shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case, with the approval of the parties, may be determined though not expressly ruled upon *or indicated in the notice of hearing,* if the speedy administration of justice, without prejudice to any party, will be substantially served thereby and are supported by the record. (Emphasis added.)

34 Pa. Code §101.107(b). The "notice of hearing" refers to the notice required to be sent to the parties pursuant to 34 Pa. Code §101.105[2] when, upon appeal to the Board from a referee's decision, the Board determines that a further hearing is necessary. We believe, therefore, that the Board may consider the following issues in an appeal from a referee's decision: 1) those issues expressly ruled upon by the referee; 2) those issues delineated in the "notice of hearing"; and, 3) any other issues which the parties have agreed to raise which will not prejudice any party.

---

[2] Section 101.105 provides:

(a) If the Board determines that a further hearing is necessary the tribunal shall give at least seven days' notice of the scheduled hearing to the parties, their counsel or authorized agent, with specific instructions regarding the date, hour, and place of hearing, and specific issues to be covered at the hearing.

The Board argues that the claimant was properly notified that the availability-for-work issue of Section 401(d) of the Law would be considered by the Board in its review of the referee's decision. In fact, however, the record shows that that notification to which the Board refers was the standard notice sent to all claimants before the *referee's* hearing is held. It could not be the "notice of hearing" required when the *Board* takes additional evidence at a hearing upon an appeal from the referee's determination and no such notice concerning the Board's intention to consider additional issues appears in the record.

Moreover, the Board's contention that it complied with the notice of hearing provisions is a non-sequitur, for the Board admits that it relied for its decision entirely upon evidence taken at the referee's hearing and did not itself hold an additional hearing. Clearly, even if the Board did inform the claimant that it would consider at an additional hearing the issue of the claimant's availability for work, the Board could not affirm the referee's disallowance on that basis unless such a hearing was actually held.

Because the Board disallowed the claimant's appeal from the referee's decision on different grounds than that relied upon or considered in the referee's determination, we must conclude that the claimant was denied an effective opportunity to be heard on the determinative issue of her availability for work. *Chiaro v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 459, 366 A.2d 959 (1976). *See Unemployment Compensation Board of Review v. Crilly,* 25 Pa. Commonwealth Ct. 21, 358 A.2d 739 (1976); *Unemployment Compensation Board of Review v. Grossman,* 22 Pa. Commonwealth Ct. 550, 349 A.2d 779 (1976). We will therefore remand the case to the Board to conduct a hearing and to provide

426

the claimant with the required notice of the issues which will be considered at the said hearing.

ORDER

AND Now, this 11th day of March, 1981, the record in the above-captioned case is remanded to the Unemployment Compensation Board of Review for proceedings consistent with the above opinion.