Harold E. White, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs in Special Summer Session to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Harold E. White, Sr.*, petitioner, for himself.

*William J. Kennedy*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, September 28, 1982:

Harold E. White, Sr. (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which, pursuant to Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), affirmed the referee's denial of unemployment benefits.

The claimant was last employed as a roofer. His dismissal was preceded by three incidents which were found to constitute willful misconduct.

In the first incident the claimant refused the employer's order to install spouting clips on a particular job, answering his employer with a colorful, yet sarcastic remark.[1] He denies making the remark, stating that he would have completed the task after he had cleaned his hands. It is undisputed that the installation of the clips was well within the job duties and that the claimant was aware of this.

In the second incident, the claimant was found to have harassed his employer for excusing the ten-minute tardiness of a foreman, continuing this harassment all day on the same day on which the dispute over the spouting clips occurred. The referee found that the foreman in question had been with the employer for 31 years and had a weak heart, as a result of which the employer tried to avoid pushing him too hard.

The third incident involved the claimant's failure at a later date to report to work. He argues that he did report to the job site on the day concerned, found no one present, and could not find any instructions at the time clock as to where to go and what to do and so he left. The referee found, however, that the claimant did not report and did not telephone the employer as he was required to do.

Due to a mechanical failure, the transcript of the original hearing before the referee on May 28, 1981 was unavailable, so a second hearing was held on July 2, 1981 before a referee appointed by the Board, and it was on the basis of this record that the Board affirmed the referee's denial of benefits. The claimant, who has proceeded in this matter *pro se*, argues that due process was violated and that he has been denied a fair hearing because there were changes in the employer's testimony at the second hearing.

---

[1] He would install the clips "when elephants fly."

As to this contention, we need note only that due process does not require perfect procedure, but merely asks the question of whether or not the hearing given was fair. The claimant clearly had notice of the mechanical failure of the recording apparatus and of the rescheduled hearing; he was present and able to pursue his claims of story-changing at that hearing; and, as this Court has held, his right to due process was not violated by the Board's independent assessment of the facts. *Rodriguez v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 65, 408 A.2d 1191 (1979).

As to the merits of the appeal, our scope of review is limited to determining whether or not the findings of fact are supported by substantial evidence or whether or not an error of law was committed. *Neff v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 296, 407 A.2d 936 (1979). And, because the employer had the burden of proof below and has prevailed, we must evaluate the evidence in the light most favorable to the prevailing party and give that party the benefit of all inferences which can logically and reasonably be drawn from the testimony. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977). In other words, the findings of facts made below are conclusive on appeal so long as the record, taken as whole, contains substantial evidence to support them. *Id.* What constitutes willful misconduct is a question of law to be resolved by this Court. *Pennsylvania Engineering Corp. v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 305, 405 A.2d 1387 (1979) and we have defined willful misconduct as:

1) the wanton and wilful disregard of the employer's interest, 2) the deliberate violation of rules, 3) the disregard of the standards of

behavior which an employer can rightfully expect from his employe, or 4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973).

The refusal to install the spouting clips, a known and accepted duty of the claimant's job, was clearly willful misconduct. It was a reasonable request, the employee's refusal was arbitrary, and this constituted ample evidence of a disregard of the standards of behavior an employer has the right to expect of his employees. *Redano v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 111, 433 A.2d 151, (1981).

Likewise, the unnecessary harassment of the employer for excusing the foreman's lateness was willful misconduct. In *Boyer v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 191, 415 A.2d 425 (1980), we held that insubordinate and abusive language directed at one's supervisor can constitute a disregard of the standards of behavior which an employer can rightfully expect. And the alleged favoritism cited by the claimant as the reasons for his complaints cannot rise to the level of good cause so as to justify his insubordination.

As to the claimant's unreported absence from work, the law is clear that absence for even one day without a credible justification and without notification to the employer is a basis for the denial of benefits. *Powell v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 512, 377 A.2d 206 (1977). In this case, where ample evidence of other misconduct by

the claimant has been found as well as of his absence as charged, there can be no doubt as to the proper applicability of Section 402(e).

The order of the Board, denying benefits, is, therefore, affirmed.

ORDER

AND Now, this 28th day of September, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.