Thomas D. Kligge, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 28, 1985, before Judge COLINS, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Bradley L. Griffie,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, April 26, 1985:

Thomas D. Kligge, Claimant, appeals here a decision and order of the Unemployment Compensation Board of Review (Board) denying Claimant unemployment compensation benefits pursuant to Section 402(b) of the Unemployment Compensation Law.[1]

Claimant, who was last employed by John S. Vayanos Contracting Co. as a carpenter, argues on appeal that the Board capriciously disregarded the evidence

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

of record when it concluded that Claimant voluntarily quit his job; in the alternative, Claimant argues that the case should be remanded to the Board for further testimony on the issue of the cause of Claimant's separation from employment.

The Board found that Claimant requested and was granted a two-week vacation to travel to Massachusetts; that when Claimant returned from his two-week vacation, he requested an additional week's vacation to travel to Philadelphia to visit family; that the employer denied the request, and that Claimant replied that family was more important to him than his job and that Claimant went on vacation and did not return to work. The Office of Employment Security (OES) had approved the grant of benefits pursuant to Section 402(e) of the Law[2] pursuant to information received from Claimant only.[3] The employer, who had requested a continuance after receiving notice of the hearing before the referee, did not appear at the first hearing, and the referee dismissed the appeal. The employer appealed the referee's dismissal to the Board and the Board, after remanding the appeal to a hearing officer appointed to take testimony from both parties, decided that the OES had inappropriately ruled under Section 402(e), the willful misconduct provision, and that Section 402(b), the voluntary quit provision, was the pertinent Section of the Law in the instant case. The Board concluded that the Claimant had not established compelling and necessitous cause for terminating his employment and that Claimant was, therefore, ineligible to receive benefits.[4]

---

[2] 43 P.S. §802(e).

[3] The OES misplaced information in the form of a letter received from the employer.

[4] The Board's order vacated the referee's decision, which dismissed the employer's appeal, and reversed the determination of the OES.

The determination of whether a claimant's unemployment is the result of voluntarily leaving work is ultimately a question of law subject to our review. *Schwarzenbach v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 137, 387 A.2d 519 (1978). Questions of credibility, however, are for the Board. *Kells v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 142, 378 A.2d 495 (1977).

Our review of the record indicates a classic conflict in the testimony of Employer and Claimant. The Board's findings parallel the testimony of the Employer. Thus, the Board chose to believe the Employer. We may not alter the Board's credibility determinations.

Parenthetically, although Claimant does not raise the issue in his brief, we are concerned with the shifting of the burden of proof at the Board level when it changed the basis for disqualification from 402(e) to 402(b) without obtaining the permission of the parties. In *Gould v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 554, 466 A.2d 750 (1983), Judge CRAIG considered whether due process is denied when a legal basis for unemployment compensation disqualification, different from the basis originally utilized, is raised by the department for the first time upon appeal to the Board. Distinguishing *Wing and King v. Unemployment Compensation Board of Review*, 496 Pa. 113, 436 A.2d 179 (1981), in which the Supreme Court held that a newly devised disqualification basis, if not raised before reaching the Commonwealth Court, must be treated as waived, Judge CRAIG decided that this Court had not erred when it remanded the case for consideration of an issue previously raised only upon appeal to the *Board*. Judge CRAIG thought pertinent 34 Pa. Code §101.107

which he quoted as providing that "issues not previously considered or raised will not be considered by the Board" on appeal to it "unless the speedy administration of justice, without prejudice to any party will be substantially served thereby, and are supported by this record."

We find further support for Board's action in Judge BLATT's statement in *White v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 196, 450 A.2d 770 (1982), "that due process does not require perfect procedure, but merely asks the question of whether or not the hearing given was fair." 69 Pa. Commonwealth Ct. at 199, 450 A.2d at 772. Most obvious to all concerned in cases where the employer's and claimant's version of the circumstances of the claimant's separation from employment are diametrically opposed is that the initial and most pressing question to be answered is whether a discharge occurred, or whether the separation was brought about at the employee's initiative. Clearly, then, both parties are aware that the decision must be made and, therefore, they come to a hearing prepared to offer testimony in support of their version of the facts and to rebut the testimony of the opposing party. For only by eliciting the above testimony will the Board be able to pinpoint the pertinent provision of the Unemployment Compensation Law.

Accordingly, after hearing the testimony of both parties the Board determined that Claimant brought about his separation from employment. A claimant who becomes voluntarily unemployed bears the burden of proving that such termination was with cause of a necessitous and compelling nature. *Borman v. Unemployment Compensation Board of Review*, 12 Pa. Commonwealth Ct. 241, 316 A.2d 679 (1974). Because Claimant has advanced no alternative argument nor offered any evidence to prove he left his position for

cause of a necessitous and compelling nature, we will affirm the Board.

ORDER

Now, April 26, 1985, the decision of the Unemployment Compensation Board of Review, No. B-217063, dated April 12, 1983, is hereby affirmed.

Judge WILLIAMS, JR. did not participate in the decision in this case.