523 A.2d 412

Roderick R. Mellott, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 20, 1986, before Judges BARRY and PALLADINO (P), and Senior Judge BARBIERI, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, March 27, 1987:

Roderick R. Mellott, Claimant, appeals here an order of the Unemployment Compensation Board of Review (Board) that, upon reconsideration, denies him unemployment compensation on the basis that he was not able and available for work as required by Section 401(d)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d)(1).

Mellott was last employed doing plumbing and heating work when he voluntarily terminated his employment due to mental health problems. He filed an application for benefits with the Office of Employment Security (OES) which determined he was ineligible for benefits under Section 402(b) of the Law, 43 P.S.

§802(b), which prohibits the payment of unemployment compensation to claimants who voluntarily terminate their employment without compelling cause. Mellott appealed that determination to a referee who, following a hearing, affirmed the OES determination that he was ineligible for benefits. He then appealed to the Board which affirmed the referee's decision. Mellott then requested and was granted reconsideration by the Board. Following oral argument, the Board issued a new decision and order in which it made findings of fact virtually the same as those of the referee with one exception. The Board found the employer had been aware of his problems but he had not discussed his health problems with the employer. The Board also found that when he laid his keys on his employer's desk on August 10, 1984, and announced that he was tired of being around people who only cared about money, the employer had no intention of laying him off or discharging him. Finally, the Board found that he was psychologically disturbed on October 15, 1984. The Board thus found while Mellott had a compelling reason to voluntarily terminate his employment, he was nevertheless ineligible for benefits under Section 401(d)(1) of the law since, due to his alleged psychological disability, he was not able and available for work during the claim weeks at issue between September 2, 1984, and the date of his doctor's visit, October 15, 1984.

Mellott argues on appeal that there is no evidence in the record to support the Board's conclusion that he was not able and available for work during the weeks at issue. He also argues that it was improper for the Board to consider Section 401(d)(1) of the Law on reconsideration as he was not provided notice that the Board would consider that issue, nor had the OES, the referee, or the Board considered that issue in any of the prior determinations. Mellott argues that the Board's consid-

eration of that issue constituted a violation of the Board's own regulations.

The issues that the Board may consider in an appeal from a referee's decision are limited by 34 Pa. Code §101.107, that provides:

(a) In connection with the consideration of any appeal to the Board from the decision of a referee, the Board may consider any issue in the case though not expressly ruled upon in the decision of the Department or the referee and though not previously raised in the claim or appeal proceedings. However, issues not previously considered or raised will not be considered by the Board, either upon application for, or in the determination of an appeal unless the speedy administration of justice, without prejudice to either party, will be substantially served thereby and are supported by the record.

(b) The Board shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case, with the approval of the parties, may be determined though not expressly ruled upon or indicated in the notice of hearing, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby and are supported by the record.

*Libonate v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 422, 426 A.2d 247 (1981), cited by Mellott, interpreted the above regulation to mean that the Board, in an appeal from a referee's decision, may consider: (1) those issues expressly ruled upon by the referee; (2) those issued delineated in the notice of hearing; and (3) any other issues which the parties have agreed to raise. Moreover, the Court held that the "notice of hearing" referred to in the regu-

lation could not be the notice received by the parties prior to the hearing before the referee.

In a later case, *Kligge v. Unemployment Compensation Board of Review*, 89 Pa. Commonwealth Ct. 30, 491 A.2d 325 (1985), this Court held that there was no due process violation when the Board based its eligibility determination on Section 402(e) of the Law, 43 P.S. §802(e), even though the decision below had been based upon Section 402(b), 43 P.S. §802(b). This Court reasoned that because the claimant in *Kligge* had insisted that he was fired while the employer insisted that the claimant had quit, the parties had notice that both Sections of the Law would be considered and that the final resolution of the issue would depend upon the Board's final credibility determination.

In distinguishing *Kligge* from the issue before it in *Anthony v. Unemployment Compensation Board of Review*, 96 Pa. Commonwealth Ct. 20, 506 A.2d 501 (1986), a case in which the claimant had appealed the referee's consideration of an issue not considered by the OES, this Court reasoned as follows: 34 Pa. Code §101.87, governing new issues before referees, requires the approval of the parties for consideration of any issue not previously determined, and 34 Pa. Code §101.107, quoted above in subsection (b) "requires the board to obtain the approval of the parties to consider a new issue only if that issue was not indicated in the notice of hearing, while its subsection (a) otherwise permits the board to decide, pursuant to stated standards, whether it will consider a new issue not previously determined." *Id.* at 24, 506 A.2d at 503.

Thus, *Anthony* suggests a more liberal interpretation of 34 Pa. Code §101.107 than does *Libonate*. In *Kligge*, however, we simply renounced the idea that the parties had no notice of consideration of Section 402(e) in addition to Section 402(b). We did not depart from

the rule set down in *Libonate* that the Board may not rule upon an issue about which the parties have received no notice. This is especially true in the instant case where the Board considered a new issue, not on appeal, but upon reconsideration of its prior decision.

Therefore, we will remand this matter to the Board which is directed to schedule a hearing at which both Mellott and the employer will be given an opportunity to offer testimony on the issue of Mellott's ability to work during the claim weeks at issue.

ORDER

AND NOW, this 27th day of March, 1987, the order of the Unemployment Compensation Board of Review, No. B-237737-B, dated April 23, 1985, is hereby vacated, and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge PALLADINO dissents.