532 A.2d 524

Joseph H. Cassidy, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 22, 1987, to President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Lisa A. Baird,* with her, *David A. Scholl, Lehigh Valley Legal Services, Inc.,* for petitioner.

*James K. Bradley,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, October 21, 1987:

Joseph H. Cassidy (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) denying him benefits on the basis of willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed by East Penn Manufacturing Company (Employer) as a forming room attendant and material handler, and his last day of work was May 31, 1985. Because he was dissatisfied with being switched from job to job by Employer, and because he was dissatisfied with the ventilation system installed by Employer, Claimant did not return to work; nor did he contact Employer. On June 7, 1985, Claimant came in to pick up his check, at which time Employer informed him that he was being discharged for violating a rule against not reporting off for three consecutive days. There is no dispute that Claimant was aware of the rule.

The referee held that Claimant was ineligible for benefits under Section 402(b) of the Law,[2] finding that Claimant voluntarily left his employment without cause of a necessitous and compelling nature. The Board upheld the denial of benefits, but on the basis of willful misconduct due to Claimant's violation of Employer's rule regarding reporting off. Claimant petitions this Court for review.[3]

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

[2] 43 P.S. §802(b).

[3] This Court's scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were unsupported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

The first issue on this appeal is whether the Board erred by changing the basis for denial of benefits from Section 402(b) to Section 402(e) of the Law. We agree with the Board that this issue is squarely controlled by our holding in *Kligge v. Unemployment Compensation Board of Review*, 89 Pa. Commonwealth Ct. 30, 491 A.2d 325 (1985), wherein this Court condoned the Board's action in changing the basis of a disqualification from Section 402(e) to Section 402(b) without consent of the parties. As was explained recently in *Mellott v. Unemployment Compensation Board of Review*, 105 Pa. Commonwealth Ct. 101, 523 A.2d 412 (1987), while the Board generally is not free to rule upon an issue about which the parties have received no notice, *see Libonate v. Unemployment Compensation Board of Review*, 57 Pa. Commonwealth Ct. 422, 426 A.2d 247 (1981), when one party insisted that a quit occurred while the other insisted that there was a termination, "the parties had notice that both Sections of the Law would be considered and that the final resolution of the issue would depend upon the Board's final credibility determination." *Mellott*, 105 Pa. Commonwealth Ct. at 105, 523 A.2d at 414.

In the instant case, Claimant has maintained from the beginning that he quit his employment, while Employer insisted that Claimant was fired. Accordingly, both parties were on notice that the initial question to be answered was whether a quit or a discharge occurred, and the Board did not err in considering the issue. *Kligge*.

Having concluded that the Board did not err in considering Claimant's case under Section 402(e), the next issue is whether there was substantial evidence to support its findings and conclusion of willful misconduct. *Nunez v. Unemployment Compensation Board of Review*, 84 Pa. Commonwealth Ct. 620, 480 A.2d 379

(1984). It is clear beyond peradventure that a knowing violation of a work rule without good cause constitutes willful misconduct. The burden is on the employer to prove both the existence of the rule and its deliberate violation. *Partsch v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 293, 439 A.2d 1331 (1982). If this burden is met, the claimant bears the burden of showing good cause. *Wilson v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 504, 457 A.2d 164 (1983).

In the instant case, there is no contention that Employer did not prove the existence of the work rule or its deliberate violation. Moreover, Claimant offered no justification for his failure to report off. Accordingly, the Board correctly determined that Claimant was guilty of willful misconduct.

Affirmed.

ORDER

NOW, October 21, 1987, the order of the Unemployment Compensation Board of Review, No. B-246958 dated February 20, 1986, is affirmed.