**Renee J. TURGEON, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
**Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 22, 2013.

Decided April 18, 2013.

---

Renee J. Turgeon, pro se.

Maribeth Wilt–Seibert, Assistant Counsel, Harrisburg, for respondent.

J. Timothy Hinton, Jr., Scranton, for intervenor P & G Mehoopany Employees Federal Credit Union.

BEFORE: COHN JUBELIRER, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Renee J. Turgeon (Claimant) petitions for review, *pro se*, of the June 1, 2012, order of the Unemployment Compensation Board of Review (UCBR) affirming the referee's decision to deny Claimant unemployment compensation benefits. The UCBR determined that Claimant was ineligible for benefits because she voluntarily quit her employment without cause of a necessitous and compelling nature under section 402(b) of the Unemployment Compensation Law (Law).[1] We vacate and remand.

Claimant worked for P & G Mehoopany Employees Federal Credit Union (Employer) from April 2004 until her last day of work on August 16, 2011. (UCBR's Findings of Fact, No. 1; N.T., 3/23/12, at 5.)

On October 22, 2010, Claimant came under a physician's care for stress and anxiety. (UCBR's Findings of Fact, No. 2.) On March 21, 2011, Claimant informed Employer that she suffered from stress and anxiety but did not tell Employer that the conditions were work-related. (UCBR's Findings of Fact, Nos. 4–5.)

On April 4, 2011, Employer promoted Claimant to the position of vice president of lending. (UCBR's Findings of Fact, No. 6.) Employer extended Claimant's probationary period due to her poor work performance. (UCBR's Findings of Fact, No. 7.)

On August 5, 2011, Claimant's supervisor, Kim Zelna, asked Claimant if she wanted to continue working as vice president of lending. Claimant replied that she did not wish to remain in the position as it was currently structured. (UCBR's Findings of Fact, Nos. 8–9.) Claimant asked Zelna if she could continue to work as an assistant vice president of lending. Zelna told Claimant that the only work available was as a part-time loan officer. (UCBR's Findings of Fact, Nos. 11–12.)

Zelna told Employer's board of directors that Claimant had resigned from her position as vice president of lending and recommended that the board offer Claimant a part-time loan officer position. (UCBR's Findings of Fact, Nos. 13–14; N.T., 3/23/12, at 10–11.) The position had the same medical benefits as Claimant's prior position but had a reduced salary and less vacation time. (UCBR's Findings of Fact, No. 15.) Claimant refused the part-time position because it involved a substantial change in the terms of her employment. (UCBR's Findings of Fact, No. 16.)

On August 16, 2011, Claimant left work on medical leave. (UCBR's Findings of Fact, No. 17.) Employer discharged Claimant by letter dated September 23, 2011. (N.T., 3/23/12, at 6, 25; Ex. SC–3.) Claimant's physician did not release

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b). Section 402(b) of the Law provides that an employee is ineligible for unemployment compensation benefits for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature." 43 P.S. § 802(b).

Claimant to return to work until after September 23, 2011. (UCBR's Findings of Fact, No. 18.) Claimant received disability benefits from August 16, 2011, through November 28, 2011. (UCBR's Findings of Fact, No. 19.)

Claimant filed a claim for unemployment benefits. The local service center granted Claimant benefits, finding that she was not discharged for willful misconduct under section 402(e) of the Law, 43 P.S. § 802(e).[2] Employer timely appealed to the referee, who held an evidentiary hearing. The referee reversed the service center's decision, finding that Employer terminated Claimant's employment due to her unapproved leave of absence. The referee concluded that Employer met its burden of proving that Claimant was discharged for willful misconduct under section 402(e) of the Law.

Claimant timely appealed to the UCBR. Although the service center and the referee decided the case under section 402(e) of the Law, the UCBR decided the case under section 402(b) of the Law. The UCBR, which took no additional evidence, found that Claimant voluntarily quit because she did not like the way her position was structured and did not attempt to resolve her concerns before she quit. Therefore, the UCBR concluded that Claimant was ineligible for benefits under section 402(b) of the Law.

■ On appeal,[3] Claimant asserts, *inter alia*, that the UCBR improperly applied section 402(b) of the Law when the referee decided Claimant's eligibility under section 402(e) of the Law. We agree.

The UCBR's regulations limit the issues that it may consider on appeal. The regulation at 34 Pa.Code § 101.107 (emphases added) provides:

(a) In connection with the consideration of an appeal to the [UCBR] from the decision of a referee, the [UCBR] may consider an issue in the case though not expressly ruled upon in the decision of the Department or the referee and though not previously raised in the claim or appeal proceedings. However, *issues not previously considered or raised will not be considered by the [UCBR] ... unless the speedy administration of justice, without prejudice to any party, will be substantially served thereby and are supported by the record.*

(b) The [UCBR] shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case, *with the approval of the parties,* may be determined though not expressly ruled upon or indicated in the notice of hearing, *if the speedy administration of justice, without prejudice to any party, will be substantially served thereby and are supported by the record.*

The "notice of hearing" referred to in subsection (b) of the regulation is the notice required when the UCBR determines that a further hearing is necessary, not the referee's notice of hearing. *Mellott v. Unemployment Compensation Board of Review,* 105 Pa.Cmwlth. 101, 523 A.2d 412, 414 (1987); *Libonate v. Unemployment Compensation Board of Review,* 57 Pa.

---

2. Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge ... from work for willful misconduct connected with his work." 43 P.S. § 802(e).

3. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

Cmwlth. 422, 426 A.2d 247, 248–49 (1981); *see also* 34 Pa.Code § 101.105(a).

Here, the record establishes that the only section of the Law at issue before the service center and the referee was section 402(e). Employer's initial separation information stated that Claimant was discharged, and Employer's petition for appeal to the referee specified that only section 402(e) was at issue. (*See* Exs. SC–2, SC–10.) The referee's notice of hearing also identified section 402(e) as the "specific issue[ ] to be considered" at the hearing. (Ex. R–1.)[4] Moreover, at the hearing, Employer's witness testified that it was "Employer's contention" that "[Claimant] was discharged" from her position. (N.T., 3/23/12, at 6.) Neither Employer nor Claimant raised the voluntary quit issue at any stage of the proceedings. Rather, the UCBR raised the issue *sua sponte* with no notice to the parties that it would consider additional issues.[5]

We find *Libonate* instructive here. In that case, both the local service center and the referee found the claimant ineligible for benefits under section 402(a) of the Law, 43 P.S. § 802(a). The UCBR, which took no additional evidence, found the claimant ineligible under section 401(d) of the Law, 43 P.S. § 801(d). *Libonate*, 426 A.2d at 248. On appeal, the claimant argued that the UCBR improperly relied on section 401(d) because her eligibility under

that section was never decided by the referee and she had no opportunity to present evidence on that issue. *Id.*

Applying the regulation at 34 Pa.Code § 101.107(b), this court remanded for a new hearing. We specifically rejected the UCBR's argument that the claimant was notified that section 401(d) would be considered because that issue was listed on the "form" notice sent to all claimants before a referee's hearing. *Id.* at 249. We also found that the record contained no written notice to the parties that the UCBR would consider additional issues on appeal. We explained:

> Because the [UCBR] disallowed the claimant's appeal from the referee's decision on different grounds than that relied upon or considered in the referee's determination, we must conclude that the claimant was denied an effective opportunity to be heard on the determinative issue of her availability for work.

*Id.; see also Feinberg v. Unemployment Compensation Board of Review*, 67 Pa. Cmwlth. 636, 448 A.2d 664, 665–66 (1982) (vacating and remanding for a new hearing where the service center denied benefits under section 402(e) and the issue at the referee's hearing was whether claimant committed willful misconduct, but the referee and the UCBR found the claimant ineligible under section 402(b)).[6]

---

4. The referee's hearing notice listed sections 401(d) and 402(b) of the Law as "other issues" that could possibly be considered. (Ex. R–1.) As explained above, however, neither of those sections was actually contemplated by the parties or the referee as a basis for determining Claimant's eligibility for benefits.

5. In its order, the UCBR incorrectly stated that "the employer's letter dated September 15, 2011 indicates that the claimant voluntarily quit her employment." (UCBR's Order at 2.) Employer's September 15, 2011, letter stated that if Claimant did not contact Employer regarding her employment status by

September 22, 2011, Claimant "will be deemed to have voluntarily terminated [her] employment." (Ex. SC–12.) However, Employer's witness testified that the board of directors later decided to discharge Claimant. (N.T., 3/23/12, at 25.) Thus, on September 23, 2011, Employer sent Claimant a letter stating, "Your employment with P & G Mehoopany Employees Federal Credit Union is hereby terminated effective immediately." (Ex. SC–3.)

6. *But see Sharp Equipment Company v. Unemployment Compensation Board of Review*, 808 A.2d 1019, 1025–26 (Pa.Cmwlth.2002) (con-

■ Similarly, Employer in this case had the burden of proving that Claimant was discharged for willful misconduct. If the referee had considered the voluntary quit issue, Claimant would have had the burden of proving that she had a necessitous and compelling reason for leaving her employment. *See Hine v. Unemployment Compensation Board of Review,* 103 Pa. Cmwlth. 267, 520 A.2d 102, 105 (1987). A claimant is necessarily prejudiced when the referee and the UCBR decide the claimant's eligibility under different sections of the Law carrying different burdens of proof with no notice to the parties. *See Corbacio v. Unemployment Compensation Board of Review,* 78 Pa.Cmwlth. 70, 466 A.2d 1117, 1119 & n. 4 (1983). Because Claimant would have been prejudiced by having to assume the burden of proof on the voluntary quit issue, the UCBR's regulation precluded it from considering that issue. *See* 34 Pa.Code § 101.107.[7]

Accordingly, we vacate the UCBR's order and remand this matter to the UCBR either to consider Claimant's eligibility under section 402(e) of the Law or to conduct a further hearing with notice to the parties that it will consider Claimant's eligibility under section 402(b) of the Law.

### ORDER

AND NOW, this 18th day of April, 2013, we hereby vacate the June 1, 2012, order of the Unemployment Compensation Board of Review and remand this matter for further proceedings consistent with this opinion.

Jurisdiction relinquished.

cluding that the UCBR should have decided the voluntary quit issue because the employer expressly raised that issue in its appeal to the referee and in its appeal to the UCBR); *Cassidy v. Unemployment Compensation Board of Review,* 110 Pa.Cmwlth. 367, 532 A.2d 524, 525 (1987) (finding that the UCBR did not err in changing the basis for denying benefits where "Claimant [had] maintained from the

beginning that he quit … while Employer insisted that Claimant was fired").

7. We note that the risk of prejudice is particularly great when the claimant is unrepresented by counsel throughout the proceedings, as in this case.