IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary C. Joseph,                            :
                    Petitioner             :
                                           :
          v.                               :
                                           :
Unemployment Compensation                  :
Board of Review,                           :   No. 1375 C.D. 2015
                    Respondent             :   Submitted: July 8, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                FILED: November 10, 2016


          Mary C. Joseph (Claimant) petitions this Court, pro se, for review of the
Unemployment Compensation (UC) Board of Review's (UCBR) June 24, 2015 order
affirming the Referee's decision denying Claimant's request to backdate Claimant's
claim week to week ending January 17, 2015, and finding Claimant ineligible for UC
benefits under Section 401(c) of the UC Law (Law).[1]  The sole issue before the Court
is whether the UCBR erred by denying Claimant's request to backdate her February
3, 2015 UC claim to January 17, 2015.  After review, we dismiss the appeal as moot.

          Claimant was employed as a part-time service representative with Blair,
LLC (Employer), working an average of 26 hours a week from June 16, 2014 through
January 15, 2015.  Claimant's commute to work was approximately one hour.  On
January 12, 2015, Claimant was scheduled for training on Employer's new computer
system.  Although Claimant's supervisor made her aware that training was required,

_____

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §
801(c) (relating to a valid application for UC benefits).

Claimant did not attend. Claimant's training was rescheduled, but she again failed to report. Under Employer's new computer system, Employer's guideline for an average service representative call was reduced to seven minutes. Claimant thought it would be difficult to have a seven-minute order with elderly customers and there was no way she could do it. When Claimant finally attended her training session, she was observed using Employer's old system to take her calls. When the trainer reminded Claimant to use the new system, Claimant she said she was leaving. Claimant left and did not return to work thereafter.

Claimant applied for UC benefits for week ending January 24, 2015 (1st Application). Claimant applied again on February 3, 2015 (2nd Application), but requested that it be backdated to week ending January 17, 2015. On February 4, 2015, the Erie UC Service Center found Claimant ineligible for UC benefits on the 2nd Application under Section 401(c) of the Law. On February 24, 2015, the Duquesne UC Service Center found Claimant ineligible for UC benefits on the 1st Application under Section 402(b) of the Law.[2] Claimant appealed from both determinations and two Referee hearings were held. On April 13, 2015, a Referee (1st Referee) affirmed the Duquesne UC Service Center's determination, and on April 15, 2015, a Referee (2nd Referee) affirmed the Erie UC Service Center's determination. Claimant appealed from both Referee decisions to the UCBR and requested a remand hearing. On June 24, 2015, the UCBR issued an order denying Claimant's remand request, adopting and incorporating the 1st Referee's factual findings and legal conclusions, and affirming the 1st Referee's decision. Also on June 24, 2015, in a separate order, the UCBR adopted and incorporated the 2nd Referee's factual findings and legal conclusions, and affirmed the 2nd Referee's decision. Claimant appealed

---

[2] 43 P.S. § 802(b) (relating to voluntary separation without cause of a necessitous and compelling nature).

from both UCBR orders to this Court.[3]  The UCBR order affirming the 1st Referee's decision is currently before the Court.

On October 20, 2016, this Court filed its opinion in *Joseph v. Unemployment Compensation Board of Review* (Pa. Cmwlth. No. 1376 C.D. 2015, filed October 20, 2016) (*Joseph I*).  In *Joseph I*, this Court affirmed the UCBR's order denying Claimant UC benefits under Section 402(b) of the Law.  Specifically, the Court held that Claimant voluntarily left her employment without a necessitous and compelling reason for doing so.

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot.  An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law.  In that case, an opinion of this Court is rendered advisory in nature.  **An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect**.

*In re: J.A.,* 107 A.3d 799, 811 (Pa. Super. 2015) (emphasis added) (quoting *In re: D.A.,* 801 A.2d 614, 616 (Pa. Super. 2002) (en banc) (internal citations and quotations omitted)).  As a result of *Joseph I*, wherein, the UCBR's order denying Claimant UC benefits was upheld, the issue of whether the UCBR erred in determining that Claimant could not backdate her application for UC benefits is now moot.[4]

---

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

[4] The UCBR determined in the instant case that Claimant was ineligible for UC benefits for week ending January 17, 2015.  In *Joseph I* docketed at 1376 C.D. 2015, the UCBR determined Claimant was ineligible for UC benefits for week ending January 24, 2015.  Even if Claimant was permitted to backdate her application, said application would be denied based on the same findings as both applications are based on the same facts.  This Court, having already decided the issue of eligibility based on Section 402(b) of the Law, has nothing further before it.

For all of the above reasons, Claimant's appeal is dismissed as moot.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary C. Joseph,                                     :
                    Petitioner                      :
                                                    :
          v.                                        :
                                                    :
Unemployment Compensation                           :
Board of Review,                                    :        No. 1375 C.D. 2015
                    Respondent                      :

## O R D E R

AND NOW, this 10th day of November, 2016, Mary C. Joseph's appeal is dismissed as moot.

_____
ANNE E. COVEY, Judge