IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel P. Saylor II,                    :
                    Petitioner          :
                                        :
            v.                          :
                                        :
Unemployment Compensation               :
Board of Review,                        :   No. 694 C.D. 2016
                    Respondent          :   Submitted: December 2, 2016


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE DAN PELLEGRINI,  Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: February 3, 2017


Samuel P. Saylor II (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) March 28, 2016 order affirming the Referee's decision denying him UC benefits under Section 402(e) of the UC Law (Law).[1] The sole issue before the Court is whether the UCBR erred by determining that Claimant committed willful misconduct. After review, we affirm.

Claimant was employed as a full-time operations director for Simon Management Associates, LLC (Employer) from June 2012 through December 21, 2015. Employer issued Claimant a credit card to be used for work-related purchases. Claimant purchased shelves with Employer's credit card. Employer was not aware of the reason for Claimant's purchase of the shelves. The credit card receipts specified

_____

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).
    The UCBR also determined that Claimant received a non-fault overpayment of UC benefits, but Claimant did not appeal from that determination.

that a shower curtain, a $50.00 gift card and a white drawer unit had also been purchased. Claimant stated that he intended to use the shelves for Employer's new computer system; however, he had no explanation for the shower curtain or the gift card. After Employer could not locate the shower curtain or gift card on its property, it discharged Claimant for misusing Employer's credit card.

Claimant applied for UC benefits. On January 15, 2016, the Allentown UC Service Center found Claimant ineligible for benefits under Section 402(e) of the Law. Claimant appealed and a Referee hearing was held. On February 8, 2016, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR and requested a remand hearing. On March 28, 2016, the UCBR denied the remand request, adopted the Referee's findings and conclusions, and affirmed the Referee's decision. Claimant appealed to this Court.[2]

Initially,

> Section 402(e) of the Law provides that an employee is ineligible for unemployment compensation benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the burden of proving willful misconduct in an unemployment compensation case. Willful misconduct has been defined as (1) an act of wanton or willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.

---

[2] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

*Dep't of Transp. v. Unemployment Comp. Bd. of Review*, 755 A.2d 744, 747 n.4 (Pa. Cmwlth. 2000) (citation omitted).

> For an employee's conduct to constitute willful misconduct, it must be 'of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.' [*Grieb v. Unemployment Comp. Bd. of Review,* 827 A.2d 422, 425-26 (Pa. 2003)]. Furthermore, this Court has previously held that an employee's theft from an employer is willful misconduct.

*Reading Area Water Auth. v. Unemployment Comp. Bd. of Review,* 137 A.3d 658, 662 (Pa. Cmwlth. 2016).

Claimant first argues that the UCBR erred by not considering the testimony of his witness, Employer's Whitehall Mall housekeeping and maintenance manager, Cyrus Alpha (Alpha). We disagree.

Although Claimant testified that Alpha witnessed his purchases, and Claimant questioned Employer's Lehigh Valley Mall manager John Ferreira (Ferreira) with regard to Alpha's statements, Alpha did not testify at the hearing. Thus, the UCBR was left to weigh the evidence of Claimant's testimony regarding what Alpha witnessed and Ferreira's testimony concerning Alpha's declarations.

The law is well established that

> the [UCBR] is the ultimate fact-finder in unemployment compensation matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal.

*Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citations omitted). Here, because the Referee expressly determined that "[C]laimant's testimony is rejected as not credible," Referee Dec. at 2, the UCBR did not err by disregarding Alpha's testimony.

Claimant next argues that the UCBR erred by finding as a fact that Claimant purchased a gift card when no receipt was presented. We disagree.

Our Supreme Court has held:

> Substantial evidence is correctly defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Murphy v.* [] [*Dep't*] *of Pub*[.] *Welfare, . . .* 480 A.2d 382, 386 ([Pa. Cmwlth.] 1984) . . . . The evidence in this case includes testimony from [Ferreira] that he [saw the receipt containing a $50.00 gift card. *See* Notes of Testimony, February 5, 2016 at 4, 7]. On this whole record, a reasonable man could accept that testimony and if he did so it would be adequate to support the [UCBR's] finding that [Claimant] engaged in willful misconduct.

*Peak v. Unemployment Comp. Bd. of Review,* 501 A.2d 1383, 1387-88 (Pa. 1985). Accordingly, the UCBR did not err by accepting Ferreira's testimony that Claimant purchased the gift card with Employer's credit card.

The UCBR adopted the Referee's findings that:

> [E]mployer testified that [C]laimant signed receipts that contained purchases for items that had no business purpose, including a shower curtain and a gift card. [E]mployer testified that it was not able to find the items purchased and that [C]laimant failed to explain why they were purchased. [E]mployer showed that [C]laimant made purchases on [E]mployer's credit card and that there was no business purpose for those purchases. [E]mployer has shown that [C]laimant misused [E]mployer's credit card.
>
> [C]laimant denied that he purchased the shower curtain and gift card and opined that the store where he purchased the shelves mistakenly included purchases he did not make on

the receipt. [C]laimant's testimony is rejected as not credible.

Since [E]mployer has shown that [C]laimant misused the employer's credit card, [C]laimant is not eligible for unemployment compensation benefits.

Referee Dec. at 2. Viewing the evidence in the light most favorable to Employer, as we must, we hold that substantial evidence supports the UCBR's holding that Claimant is not eligible for UC benefits under Section 402(e) of the Law.

For all of the above reasons, the UCBR's order is affirmed.

_____
ANNE E. COVEY, Judge

5

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel P. Saylor II,  
                 Petitioner       :

              v.               :

Unemployment Compensation  
Board of Review,              :    No. 694 C.D. 2016  
              Respondent   :

## O R D E R

AND NOW, this 3rd day of February, 2017, the Unemployment Compensation Board of Review's March 28, 2016 order is affirmed.

_____  
ANNE E. COVEY, Judge