I think the department acted reasonably in adopting Regulation 120 as a means of distinguishing between enterprises which constitute a primary source of livelihood and those which constitute part-time or merely additional and secondary sources.

Argued March 9, 1964. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Morley W. Baker,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Department of Labor and Industry, Bureau of Employment Security, appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Walter E. Alessandroni,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY ERVIN, J., April 14, 1964:

This is a companion case to the case of Department of Labor and Industry of the Commonwealth of Pennsylvania, Bureau of Employment Security, v. Unemployment Compensation Board of Review, filed to No. 34 March Term, 1964, involving the claim of Adolf Vitolins, in which case an opinion is being this day filed. In the *Vitolins* case, the part-time self-employment was that of a farmer, whereas in the present case it is that of a refrigerator repair business. Under Regulation 120 the bureau disallowed all of claimant's deductions, which are as follows:

| | |
|---|---:|
| Heat, telephone (½) etc. | $ 36.00 |
| Materials & supplies | 132.10 |
| Gas, oil, meters, etc. (½) | 224.77 |
| Repairs to car (½) | 21.00 |
| Insurance—car (½) | 42.00 |
| License fees (½) | 5.50 |
| Depreciation (½) | 280.43 |
| Interest—car (½) | 17.61 |
| Rent—garage (½) | 36.00 |
| Donations | 40.00 |
| Total | $835.41 |

This gives the claimant a net income of $1,756.75 from his side line activity to be used in computing his right to partial benefits, which would result in a weekly entitlement of $13.00. The board, on appeal, allowed all of the deductions of the claimant and determined that he had a net income from his self-employment in the sum of $921.34, and thus was entitled to partial benefits in the amount of $29.00.

The principles involved in this appeal are exactly the same as those in the *Vitolins* appeal and for the reasons more fully therein set forth the decision of the Board of Review will be affirmed.

Decision affirmed.

WOODSIDE and MONTGOMERY, JJ., each dissent for the reasons set forth in his separate dissenting opinion in *Vitolins Unemployment Compensation Case.*