# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carrie A. Smith,             :

            Petitioner     :

                                 :

        v.                     :

                                 :

Unemployment Compensation     :

Board of Review,            :    No. 850 C.D. 2017

            Respondent   :    Submitted: December 29, 2017

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED: March 21, 2018

Carrie A. Smith (Claimant) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) May 4, 2017 order affirming the Referee's decision finding Claimant eligible for UC benefits under Section 402(h) of the UC Law (Law),[1] but prorating a $37.00 weekly deductible for her sideline business. Essentially, the issue before this Court is whether the UCBR properly calculated Claimant's deductible.[2] After review, we vacate and remand.

On or about January 1, 2017, Claimant separated from her employment with Dutch Run Coal (Employer). During the course of her employment with Employer, Claimant also owned and operated a dog-breeding business. After

---

[1] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h) (ineligibility for self-employment).

[2] Claimant's Statement of Questions Involved lists ten questions. However, all but two questions pertain to the UCBR's use of Claimant's 2015 federal tax return in calculating her deductible and the calculation of her deduction. These questions are subsumed in the stated issue and are discussed herein. The other two questions make inquiries not properly raised on appeal. *See* Claimant Br. at 4.

Claimant's separation from Employer, Claimant did not substantially change the amount of time and effort she devoted to her dog-breeding business. Claimant has remained available for full-time employment since her separation from Employer. Claimant's dog-breeding business is not the primary source of her livelihood, as her business operated at a net loss for 2015, according to Claimant's Internal Revenue Service (IRS) Form Schedule C (Schedule C).

On January 1, 2017, Claimant applied for UC benefits. On January 19, 2017, the Indiana UC Service Center found Claimant eligible for UC benefits under Section 402(h) of the Law, but deducted $37.00 for Claimant's sideline business. Claimant appealed and a Referee hearing was held. On February 24, 2017, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On May 4, 2017, the UCBR affirmed the Referee's decision. Claimant appealed to this Court.[3]

Initially, Section 402(h) of the Law provides that an employee shall be ineligible for UC benefits for any week

> [i]n which he is engaged in self-employment: Provided, however, That an employe who is able and available for full-time work shall be deemed not engaged in self-employment by reason of continued participation without substantial change during a period of unemployment in any activity including farming operations undertaken while customarily employed by an employer in full-time work whether or not such work is in 'employment' as defined in [the Law] and continued subsequent to separation from such work when such activity is not engaged in as a primary source of

---

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

By July 14, 2017 order, this Court directed the parties to address in their principal briefs the possible untimeliness of Claimant's appeal. On August 11, 2017, the UCBR filed a motion to quash Claimant's appeal (Motion). On August 17, 2017, Claimant filed an answer thereto. By August 25, 2017 order, this Court denied the UCBR's Motion and vacated its July 14, 2017 order.

livelihood. **Net earnings received by the employe with respect to such activity shall be deemed remuneration paid or payable with respect to such period as shall be determined by rules and regulations of the [D]epartment [of Labor and Industry (Department)]**.

43 P.S. § 802(h) (emphasis added). The computation of weekly net earnings is calculated in accordance with Section 65.121(a) of the Department's Regulations, which states:

> Since an accurate determination of weekly net earnings for a particular week or month will usually be impossible because of the time lapse between the performance of services and the receipt of resulting income[,] [**w**]**eekly net earnings for a current calendar year shall be based on net earnings in a previous calendar year** or on anticipated earnings in the current calendar year, if operations were not conducted in a previous calendar year, in accordance with the following:
>
> . . . .
>
> (2) For a claimant engaged in a business other than farming, **'gross income' from sales and services shall be reduced by subtraction of the cost,** if any, of goods sold. **Cost of goods sold shall include the total cost of** merchandise, cost of labor and cost of material and **supplies**.
>
> (3) **The remainder shall be divided by the number of weeks during which the** . . . **business operated** or will operate **during a year**. **The quotient shall represent the weekly net earnings to be used for the purpose of computing benefits payable.**

34 Pa. Code § 65.121(a) (emphasis added).

Claimant argues that the UCBR miscalculated her deduction because it should have used her **2016** Schedule C rather than her **2015** Schedule C to make its determination. However, Claimant did not submit her 2016 federal tax return into the record. Claimant submitted a copy of her Schedule C Profit or Loss from Business, which she filed for her dog-breeding business in conjunction with her 2015 IRS Form 1040. *See* Certified Record (C.R.) Item 2 Profit or Loss Statement (Profit or Loss)

3

(wherein Claimant expressly qualifies: "You asked for my schedule C for 2016[,] I will not have this [sic] for 3-5 months yet [sic]."). "A claimant who wishes to fall within the [sideline] exception bears the burden of showing that *all* of the[] requirements are met." *LaChance v. Unemployment Comp. Bd. of Review,* 987 A.2d 167, 171 (Pa. Cmwlth. 2009). As Claimant had the burden to prove her sideline business, it was her obligation to submit the documentation to be used in making said determination. Moreover, Section 65.121(a) of the Department's Regulation expressly allows the calculation of the weekly net earnings for a current calendar year to be "based on net earnings in a previous calendar year." 34 Pa. Code § 65.121(a). Thus, the UCBR properly used the 2015 Schedule C that Claimant submitted in calculating its deduction.

Claimant also argues that the UCBR should not be able to "pick and choose" which items on her 2015 Schedule C were her operating expenses. Claimant Br. at 8. Specifically, she contends that the numbers the Department chose to use in determining her deduction do not reflect an accurate calculation of her net earnings.

In making its calculation, the UCBR adhered to Section 65.121(a) of the Department's Regulations. According to Claimant's 2015 Schedule C, Claimant's "[g]ross receipts or sales" were "[$]11, 375.[00.]" Profit or Loss at 1. Claimant's costs of goods sold, i.e., supplies were "[$]9,474.[00.]" *Id.* Thus, Claimant's gross receipts, less the costs of goods sold, totaled $1,901.00. However, Claimant's business expenses consisted of more than just the $9,474.00 she spent on supplies. They also included: repair and maintenance expenses ($1,206.00), travel expenses ($905.00), business meals and entertainment ($1,503.00), utilities ($5,048.00) and miscellaneous expenses, including but not limited to, insurance ($1,917.00). *See* Profit or Loss at 1. Had the UCBR included these figures in its calculation, it would have determined that Claimant operated at a loss, and no deduction would have been applied to her UC benefits. Although Claimant testified at the Referee hearing that her business was seasonal, the

4

UCBR discredited this testimony and credited the Sideline Business Supplemental Information Claimant furnished to the Department, wherein she confirmed that her sideline business operated the entire year.[4]  *See* C.R. Item 2 at 1.  Accordingly, the UCBR divided the total ($1,901.00) by 52 weeks and calculated a weekly deduction of $37.00.[5]

This Court recently held that "the Department lacked legal authority to re-promulgate [Section 65.121 of the Department's Regulations] after an appellate court found it was unauthorized.[6]  Moreover, [this Court ruled that Section 65.121 of the

---

[4]      [T]he [UCBR] is the ultimate fact-finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence.  It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made.  Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal.

*Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008) (citations omitted).

[5] Claimant also argues that the UCBR's calculation is improper due to comments in the Referee's decision.  However, "[w]e review the [UCBR's] findings because it is the ultimate fact-finder in [UC] matters." *Dep't of Corr. v. Unemployment Comp. Bd. of Review,* 943 A.2d 1011, 1014 n.2 (Pa. Cmwlth. 2008).  Thus, the Referee's comments are irrelevant.

[6] This Court in *Lerch v. Unemployment Comp. Bd. of Review,* ___A.3d ___ (Pa. Cmwlth. No. 748 C.D. 2017, filed March 12, 2018), explained that the Pennsylvania Superior Court in *Department of Labor & Industry v. Unemployment Compensation Board of Review (Springer)*, 199 A.2d 481 (Pa. Super. 1964), and *Department of Labor & Industry v. Unemployment Compensation Board of Review (Vitolins)*, 199 A.2d 474 (Pa. Super. 1964), ruled that former Section 120 of the Department's Regulations,  which is virtually identical to Section 65.121 of the Department's  Regulations, was "absurd" and thus invalid.  *Lerch,* slip op. at 12 (quoting *Vitolins,* 199 A.2d at 478).  The *Lerch* Court stated:

In *Vitolins* and *Springer*, the Superior Court concluded that Section 402(h) [of the Law] does not authorize the Department to define 'net earnings' by regulation.  Further, the Superior Court determined the ordinary meaning of 'net earnings' required consideration of all business deductions; to do otherwise would frustrate the intent of Section 402(h) [of the Law].

*Lerch,* ___ A.3d at  ___ , slip op. at 9.

Department's Regulations] is not reasonable." *Lerch v. Unemployment Comp. Bd. of Review,* ___A.3d ___, ___ (Pa. Cmwlth. No. 748 C.D. 2017, filed March 12, 2018) slip op. at 15. Thus, because the Department calculated Claimant's deductible using an unauthorized, unreasonable regulation, this Court remands the matter to the UCBR to recalculate Claimant's deductible in accordance with *Lerch.*

For all of the above reasons, the UCBR's order is vacated and the matter is remanded to the UCBR to recalculate Claimant's deduction.


_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carrie A. Smith,                          :
                          Petitioner      :
                                          :
          v.                              :
                                          :
Unemployment Compensation                 :
Board of Review,                          :      No. 850 C.D. 2017
                          Respondent      :

O R D E R

AND NOW, this 21st day of March, 2018, the Unemployment Compensation Board of Review's (UCBR) May 4, 2017 order is vacated and the matter is remanded to the UCBR in accordance with this opinion.

Jurisdiction relinquished.

_____
ANNE E. COVEY, Judge